**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

_____
                                                    )
STEVE MACRINA, Individually And On Behalf  )
Of All Others Similarly Situated,                   )
                                                    )   Civil Action No. 07cv4108 (JGK)
                            Plaintiff,              )
                                                    )   <u>CLASS ACTION</u>
               v.                                   )
                                                    )   ECF Case
J. ROGER MOYER, JR., THOMAS DAUTRICH,               )
GEORGE W. GRANER, EQUIPMENT FINANCE,                )
LLC and BANK OF LANCASTER, N.A.,                    )
                                                    )
                            Defendants.             )
_____                 )

[Additional Captions Below]

**MEMORANDUM OF LAW IN SUPPORT OF MOTION OF CASTLE STRATEGIC TRADING, LLC FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF PURSUANT TO §21D(a)(3)(B) OF THE SECURITIES EXCHANGE ACT <u>OF 1934 AND APPROVAL OF SELECTION OF CO-LEAD COUNSEL</u>**

| | |
|---|---|
| BRIAN JOHNSON, Individually And On Behalf Of All Others Similarly Situated,<br><br>                Plaintiff,<br><br>  vs.<br><br>STERLING FINANCIAL CORP., J. ROGER MOYER, JR., J. BRADLEY SCOVILL and TITO L. LIMA,<br><br>                Defendants. | Civil Action No. 07cv4652 (JGK)<br><br>CLASS ACTION |
| CASTLE STRATEGIC TRADING, INC., Individually And On Behalf Of All Others Similarly Situated,<br><br>                Plaintiff,<br><br>  vs.<br><br>J. ROGER MOYER, JR., THOMAS DAUTRICH, GEORGE W. GRANER, EQUIPMENT FINANCE, LLC and BANK OF LANCASTER, N.A.,<br><br>                Defendants. | Civil Action No. 07cv5594 (JGK)<br><br>CLASS ACTION<br><br>ECF CASE |
| JEFFREY M. COOLEY, Individually And On Behalf Of All Others Similarly Situated,<br><br>                Plaintiff,<br><br>  vs.<br><br>STERLING FINANCIAL CORP., J. ROGER MOYER, JR., J. BRADLEY SCOVILL and TITO L. LIMA,<br><br>                Defendants. | Civil Action No. 07cv5671 (JGK)<br><br>CLASS ACTION<br><br>ECF CASE |

I.    INTRODUCTION

Presently pending in this district are at least four related securities fraud class actions (the "Related Actions") brought against Sterling Financial Corp. ("Sterling" or the "Company") and/or certain of the Company's wholly-owned subsidiaries and certain of their officers and directors, pursuant to Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§78j(b) and 78t(a), and Rule 10b-5 promulgated thereunder, 17 C.F.R. §240.10b-5.  The Related Actions are those set forth in the captions above.

Movant, Castle Strategic Trading, LLC ("Castle" or "Movant"), purchased 1,800 shares of Sterling common stock between April 27, 2004 and May 24, 2007, inclusive (the "Proposed Class Period") and suffered estimated losses[1] of $33,397 as a result of Movant's transactions in Sterling's publicly traded securities during the Proposed Class Period.  Movant respectfully submits this Memorandum of Law in support of its motion for: (i) consolidation of all related actions for all purposes pursuant to Rule 42 of the Federal Rules of Civil Procedure ("F.R.C.P."); (ii) appointment as Lead Plaintiff, pursuant to Section 21D of the Exchange Act, as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), 15 U.S.C. §78u-4, in the action entitled <u>Macrina v. Moyer, et al.</u>, Civ. No. 07-cv-4108 (S.D.N.Y. Filed May 25, 2007) and any related action brought on behalf of purchasers of Sterling's publicly traded securities; and (iii) approval of Movant's selection of Co-Lead Counsel.

---

[1]    The losses suffered by the Movant are not the same as its legally compensable damages, measurement of which is often a complex legal question which cannot be determined at this stage of the litigation.  The approximate losses can, however, be determined from the certifications required under Section 21D and, based upon information concerning the current market for the Company's common stock.   <u>See</u> Declaration of Jason D'Agnenica ("D'Agnenica Decl."), July 24, 2007, Exhibit C.

**II.     PROCEDURAL BACKGROUND**

On or about May 25, 2007, plaintiff in the <u>Macrina</u> action, Case No. 07cv4108, filed a complaint on behalf of a proposed class consisting of all persons who acquired Sterling common stock between April 27, 2004 and May 24, 2007.  At least three additional actions, captioned above, were subsequently filed in this District alleging substantially similar claims on behalf of Sterling investors.  At least three additional separate actions[2] involving substantially similar allegations of federal securities laws violations were filed in the Eastern District of Pennsylvania.[3]  Pursuant to 15 U.S.C. § 78u-4(a) (3) (A) (i), on May 25, 2007, notice of pendency of the action was published over a widely-available, national business-oriented wire service, <u>Market Wire</u>, advising members of the proposed class of their right to move the Court to serve as lead plaintiff no later than 60 days from the date of publication of the Notice, <u>i.e.</u>, by July 24, 2007.  <u>See</u> D'Agnenica Decl., Ex. A.  This motion is filed within the 60-day period following publication of the May 25, 2007 notice given by plaintiff therein.

---

[2]     <u>Buckwalter v. Sterling Financial Corp.</u>, Civil Action No. 2:07-cv-2171-LS (E.D. Pa filed May 29, 2007); <u>Simpson v. Sterling Financial Corp.</u>, Civil Action No. 2:07-cv-2497-LS (E.D. Pa filed June 20, 2007); and <u>Miller v. Sterling Financial Corp.</u>, Civil Action No. 2:07-cv-2694-LS (E.D. Pa filed June 28, 2007).

[3]     A Motion For Transfer And Coordination Or Consolidation under 28 U.S.C. § 1407 in the Eastern District of Pennsylvania was filed with the Judicial Panel on Multidistrict Litigation on or about June 28, 2007 in the action styled <u>In re Sterling Financial Corp. Securities Litigation</u>, MDL No. 1879.  No final determination has been made by the MDL Panel as of the date of this filing.

### III.    SUMMARY OF THE PENDING ACTIONS

Defendant Equipment Finance, LLC ("EFI") is a wholly-owned subsidiary of defendant Bank of Lancaster County, N.A. ("Bank of Lancaster"). ¶ 2.[4]  Defendant Bank of Lancaster is a wholly-owned subsidiary of Sterling. ¶ 18.  Sterling is a Pennsylvania financial holding company headquartered in Lancaster, Pennsylvania, which provides a full range of banking and financial services to individuals and business through the following business segments: Community Banking and Related Services; Leasing; Commercial Finance; and Trust and Investment Services. ¶ 19.  Sterling's stock is, and was at all relevant times, listed and actively traded on the Nasdaq National Market under the ticker "SLFI." ¶ 19.

Throughout the Class Period, EFI and certain of its officers and directors, employed devices, schemes, and artifices to defraud Movant and other investors in Sterling stock by knowingly and/or recklessly providing materially false and misleading financial information regarding EFI to persons responsible for the financial reporting for Sterling. ¶¶ 2, 51.  EFI and certain of its officers and directors knew and/or recklessly disregarded that providing such information would cause Sterling to issue materially false and misleading financial statements to the SEC and the investing public. ¶ 51.  When the truth regarding the scheme began to materialize in piecemeal fashion, Plaintiffs and the Class were damaged. ¶ 51.

On April 29, 2006, Sterling announced that it would postpone the filing of the Company's 2007 first quarter 10-Q, and stated that Sterling's management had received information suggesting irregularities related to certain financing contracts in one of its financial services group companies, EFI. ¶ 52.  On April 30, 2007, Sterling announced that it expects to

---

[4]    References taking the form "¶__" refer to the complaint filed in Castle Strategic Trading, LLC v. Moyer, et al., Civ. No. 07 CV 5594 (S.D.N.Y. June 12, 2007).

3

restate its previously issued financial statements for fiscal year 2004 through and including fiscal year 2006 and interim periods. ¶ 53. Sterling announced that prospective restatement may require Sterling and its affiliates to raise additional capital and that, based on Sterling's investigation, two senior executives of EFI were paced on leave. ¶ 53. The April 30, 2007 announcement caused Sterling's stock to close at $16.65 per share, down $4.07 per share, or 19%, compared to the closing price on the previous day of trading. ¶ 54. Sterling's stock continued to fall, closing down an additional $2.00 per share, or 12%, on May 1. ¶ 56.

On May 24, 2007, investors first learned about the details of the scheme, when Sterling announced in a press release and conference call with investors that it had, through its ongoing investigation, uncovered "evidence of a sophisticated loan scheme, orchestrated deliberately by certain EFI officers and employees over an extended period of time, to conceal credit delinquencies, falsify financing contracts and related documents, and subvert Sterling's established internal controls and reporting systems." ¶ 57. The announcement stated that Sterling expected to take a cumulative after-tax charge to its fiscal year 2006 financial statements of $145 million to $165 million. ¶ 57. Sterling also announced that it was halting its dividend. ¶ 4. This partial disclosure of the scheme caused the Company's stock to fall nearly 40%. ¶ 4. Prior to May 24, 2007, the then undisclosed scheme partially materialized in an April 30, 2007 announcement by the Company which caused Sterling's stock to fall 19%. ¶ 3.

## IV.   ARGUMENT

### A.   The Actions Should Be Consolidated

The above-captioned actions involve class action claims on behalf of purchasers of Sterling publicly traded securities and assert essentially similar and overlapping class claims for relief on behalf of purchasers of Sterling securities. Consolidation is appropriate where, as here,

there are actions involving common questions of law or fact.  See Fed. R. Civ. P. 42 (a); Johnson v. Celotex Corp., 899 F.2d 1281, 1284 (2d Cir.), cert. denied, 498 U.S. 920 (1990).  That test is met here and the Actions should be consolidated.

        B.        **The Proposed Lead Plaintiff Should Be Appointed Lead Plaintiff**

                1.        **The Procedure Required By The PSLRA**

The PSLRA has established a procedure that governs the appointment of a lead plaintiff in "each action arising under the [Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(1) and (a)(3)(B)(i).

First, the plaintiff who files the initial action must publish a notice to the class, within 20 days of filing the action, informing class members of their right to file a motion for appointment as lead plaintiff.  15 U.S.C. § 78u-4 (a) (3) (A) (i).  Notice of pendency of the action was published over Market Wire on May 25, 2007.  See D'Agnenica Decl., Ex. A.  Within 60 days after publication of the notice, any person or group of persons who are members of the proposed class may apply to the Court to be appointed as lead plaintiff, whether or not they have previously filed a complaint in the action. 15 U.S.C. § 78u-4 (a) (3) (A) and (B).

Second, the PSLRA provides that within 90 days after publication of the notice the Court shall consider any motion made by a class member and shall appoint as lead plaintiff the member or members of the class that the Court determines to be most capable of adequately representing the interests of class members.  15 U.S.C. § 78u-4 (a) (3) (B).  In determining the "most adequate plaintiff," the PSLRA provides that:

> [T]he court shall adopt a presumption that the most adequate
> plaintiff in any private action arising under this title is the person
> or group of persons that - -

      (aa)   has either filed the complaint or made a motion in response to a notice . . .

      (bb)   in the determination of the court, has the largest financial interest in the relief sought by the class; and

      (cc)   otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4 (a) (3) (B) (iii).  See generally Greebel v. FTP Software, 939 F. Supp. 57, 64 (D. Mass. 1996).

### 2. The Proposed Lead Plaintiff Satisfies The "Lead Plaintiff" Requirements of the PSLRA

The time period in which class members may move to be appointed lead plaintiff herein under 15 U.S.C. § 78u-4 (a) (3) (A) and (B) expires on July 24, 2007.  Pursuant to the provisions of the PSLRA and within the requisite time frame after publication of the required notice (published on May 25, 2007), Castle Strategic Trading, LLC herein timely moves this Court to be appointed Lead Plaintiff on behalf of all members of the proposed class.

The Proposed Lead Plaintiff has duly signed and filed a certification stating that Movant has reviewed the complaint filed in the action and is willing to serve as the representative party on behalf of the Class.  See D'Agnenica Decl., Exh. B.  In addition, the Proposed Lead Plaintiff has selected and retained experienced and competent counsel to represent Movant and the class. See D'Agnenica Decl., Exhs. D - E.

Further, the Proposed Lead Plaintiff, Castle Strategic Trading, LLC, is an institutional investor and is, thereby, the type of sophisticated investor which Congress envisioned seeking to control securities fraud class action litigation when it enacted the PSLRA.

Accordingly, Movant has satisfied the individual requirements of 15 U.S.C. § 78u-4 (a) (3) (B) and is entitled to have its application for appointment as Lead Plaintiff and approval of selection of counsel, as set forth herein, considered and approved by the Court.

### 3. The Proposed Lead Plaintiff Has The Largest Financial Interest In The Relief Sought By The Class

According to 15 U.S.C. § 21(a) (3) (B) (iii), the court shall appoint as lead plaintiff the class member or members who represent the largest financial interest in the relief sought by the action.

During the Class Period, as evidenced by, among other things, the accompanying signed certification, Movant purchased 1,800 shares of the Company's common stock during the Class Period and suffered estimated losses of $33,397 as a result of defendants' misconduct.  See D'Agnenica Decl., Ex. C.  As a result, Movant herein has a significant financial interest in this case.

The Proposed Lead Plaintiff has not received notice of any other applicant or applicant group that has sustained greater financial losses in connection with the purchase and/or sale of the Company's publicly traded securities.  Therefore, the Proposed Lead Plaintiff satisfies all of the PSLRA's prerequisites for appointment as Lead Plaintiff in this action and, should be appointed Lead Plaintiff pursuant to 15 U.S.C. § 78u-4 (a) (3) (B).

### 4. The Proposed Lead Plaintiff Otherwise Satisfies Rule 23

According to 15 U.S.C. § 78u-4(a)(3)(B), in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure."  Rule 23(a) provides that a party may serve as a class representative only if the following four requirements are satisfied:

>(1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

Of the four prerequisites to class certification, only two - - typicality and adequacy - - directly address the personal characteristics of the class representative.  Consequently, in deciding a motion to serve as lead plaintiff, the Court should limit its inquiry to the typicality and adequacy prongs of Rule 23(a), and defer examination of the remaining requirements until the lead plaintiff moves for class certification.  Lax v. First Merchants, 1997 U.S. Dist. LEXIS 11866 at *20; Fischler v. Amsouth Bancorporation, 1997 U.S. Dist. LEXIS 2875 at *7-8 (M.D. Fla. Feb. 6, 1997).

The Proposed Lead Plaintiff satisfies both the typicality and adequacy requirements of Rule 23, thereby justifying appointment as lead plaintiff.  Under Rule 23(a)(3), the claims or defenses of the representative party must be typical of those of the class.  Typicality exists if claims "arise[] from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability."  See In re Drexel Burnham Lambert Group, Inc., 960 F. 2d 285, 291 (2d Cir. 1992), cert. dismissed sub nom., 506 U.S. 1088 (1993).  However, the claims of the class representative need not be identical to the claims of the class to satisfy typicality.  Instead, the courts have recognized that:

>[T]he typicality requirement may be satisfied even if there are factual dissimilarities or variations between the claims of the named plaintiffs and those of other class members, including distinctions in the qualifications of the class members.

8

Bishop v. New York City Dept. Of Housing Preservation and Development, 141 F.R.D. 229, 238 (2d Cir. 1992). See also Avagliano v. Sumitomo Shoji America, Inc., 103 F.R.D 562, 582 (S.D.N.Y. 1984).

      The Proposed Lead Plaintiff seeks to represent a class of purchasers of the Company's publicly traded securities who have identical, non-competing and non-conflicting interests. The Proposed Lead Plaintiff satisfies the typicality requirement, since it: (i) purchased the Company's common stock; (ii) at market prices allegedly artificially inflated as a result of defendants' violations of the federal securities laws; and (iii) suffered damages thereby. Thus, typicality is satisfied since the claims asserted by the Proposed Lead Plaintiff arise "from the same event or course of conduct that gives rise to claims of other class members and the claims are based on the same legal theory." Walsh v. Northrop Grumman Corp., 162 F.R.D. 440, 445 (E.D.N.Y. 1995).

      Under Rule 23(a)(4) the representative party must also "fairly and adequately protect the interests of the class." The standard for adequacy of representation under Rule 23(a)(4) is met by: (1) the absence of potential conflict between the named plaintiff and the class members, and (2) the class representative's choice of counsel who is qualified, experienced and able to vigorously conduct the proposed litigation. Garfinkel v. Memory Metals, Inc., 695 F. Supp. 1397, 1405 (D. Conn. 1988).

      Here, the Proposed Lead Plaintiff is an adequate representative of the class. As evidenced by the injury suffered by Movant, who purchased the Company's common stock at prices allegedly artificially inflated by defendants' violations of the federal securities laws, the interests of the Proposed Lead Plaintiff are clearly aligned with the class members, and there is no evidence of antagonism between Movant's interests and those of the other members of the

class. In addition, as demonstrated below, Movant's proposed Co-Lead Counsel are highly qualified, experienced and able to conduct this complex litigation in the highest professional manner. Thus, Movant prima facie satisfies the commonality, typicality and adequacy requirements of Rule 23.

### C. The Court Should Approve Movant's Choice of Counsel

Pursuant to 15 U.S.C. § 78u-4 (a) (3) (B) (v), proposed lead plaintiff shall, subject to Court approval, select and retain counsel to represent the class lead plaintiff seeks to represent. In that regard, Movant has selected the law firms Stull, Stull & Brody and Kantrowitz, Goldhamer & Graifman, P.C. to serve as Co-Lead Counsel. Stull, Stull & Brody and Kantrowitz, Goldhamer & Graifman, P.C. are firms with extensive experience in successfully prosecuting shareholder and securities class actions and have frequently appeared in major actions in this and other courts. See D'Agnenica Decl., Exh. D - E.

### V. CONCLUSION

For all the foregoing reasons, Movant respectfully requests that the Court: (i) consolidate all related actions; (ii) appoint the Proposed Lead Plaintiff as lead plaintiff in the related actions; and (iii) approve Movant's selection of co-lead counsel as set forth herein.

Dated: July 24, 2007

        Respectfully submitted,

        **STULL, STULL & BRODY**

    By: s/ Jason D'Agnenica
        Jules Brody (JB-9151)
        Aaron L. Brody (AB-5850)
        Jason D'Agnenica (JD-9340)
        6 East 45th St.
        New York, NY 10017
        Tel: (212) 687-7230

**KANTROWITZ, GOLDHAMER
 & GRAIFMAN, P.C.**
Gary S. Graifman
747 Chestnut Ridge Road
Chestnut Ridge, New York 10977
(845) 356-2570

**Proposed Co-Lead Counsel For
Plaintiffs and The Class**

## CERTIFICATE OF SERVICE

   I hereby certify that on July 24, 2007, the foregoing document was filed with the Clerk of the Court and served upon all parties listed below via ECF and/or Federal Express in accordance with the Federal Rules of Civil Procedure, the Southern District's Local Rules, and the Southern District's Rules on Electronic Service:

Dated: July 24, 2007             s/ Jason D'Agnenica
                   Jason D'Agnenica (JD-9340)
                   Stull, Stull & Brody
                   6 East 45th Street
                   New York, New York 10017


Lawrence Matthew Rosen
THE ROSEN LAW FIRM, P.A.
350 Fifth Avenue, Suite 5508
New York, NY 10118

*Counsel for Plaintiff Steve Macrina in Action No.* 1:07-cv-4108-JGK (S.D.N.Y.)

David Avi Rosenfeld
LERACH, COUGHLIN, STOIA,
 GELLER, RUDMAN & ROBBINS, LLP
58 South Service Road
Suite 200
Melville, NY 11747

*Counsel for Plaintiff Brian Johnson in Action No.* 1:07-cv-4652-JGK (S.D.N.Y.)

Gary Steven Graifman
KANTROWITZ, GOLDHAMER
 & GRAIFMAN, P.C.
747 Chestnut Ridge Road
Chestnut Ridge, NY 10977

*Counsel for Plaintiff Castle Strategic Trading, LLC  in Action No.* 1:07-cv-5594-JGK (S.D.N.Y.)

Catherine A. Torrell
COHEN, MILSTEIN, HAUSFELD & TOLL, P.L.L.C.
150 East 52nd Street
New York, NY 10022

*Counsel for Plaintiff Jeffrey M. Cooley in Action No.* 1:07-cv-5671-JGK (S.D.N.Y.)

1

Richard A. Maniskas
SCHIFFRIN BARROWAY TOPAZ & KESSLER, LLP
280 King of Prussia Road
Radnor, Pennsylvania 19087

*Counsel for Plaintiff Kevin Simpson in Action No. 2:07-cv-2497-LS (E.D. PA)*

C. William Phillips
COVINGTON & BURLING LLP
1330 Avenue of the Americas
New York, NY 10019

*Counsel for Defendants J. Roger Moyer, Jr., Thomas Dautrich, George W. Graner, Equipment Finance, LLC, Bank of Lancaster, N.A. in Action No. 1:07-cv-4108-JGK (S.D.N.Y.); Sterling Financial Corp., J. Roger Moyer, Jr., J. Bradley Scovill, Tito L. Lima in Action No. 1:07-cv-4652-JGK (S.D.N.Y.); Equipment Finance, LLC, Bank of Lancaster, N.A., J. Roger Moyer,Jr., Thomas Dautrich, George W. Graner in Action No. 1:07-cv-5594-JGK (S.D.N.Y.); Sterling Financial lCorp., J. Roger Moyer, J. Bradley Scovill, Tito L. Lima in Action No 1:07-cv-5671-JGK (S.D.N.Y.).*

Andrew J. Soven
REED SMITH, LLP
2500 One Liberty Place
1650 Market Street
Philadelphia, PA 19106

*Counsel for Defendants Sterling Financial Corp., Equipment Finance, LLc, Bank of Lancaster County,N.A., Tito L. Lima, J. Roger Moyer, Jr., Thomas Dautrich, George W. Graner, and J. Bradley Scovill in Action Nos. 2:07-cv-2171-LS (E.D. PA); 2:07-cv-2497-LS (E.D. PA); 2:07-cv-2694-LS (E.D. PA).*

Nicholas E. Chimicles
Benjamin F. Johns
CHIMICLES & TIKELLIS LLP
361 West Lancaster Avenue
Haverford, PA 19041

*Counsel for Plaintiff Raymond Buckwalter in Action No. 2:07-cv-2171-LS (E.D. PA)*