# Exhibit E

**KANTROWITZ, GOLDHAMER & GRAIFMAN**, P.C.
**747 Chestnut Ridge Road**
**Chestnut Ridge, New York 10977**
Tel: 845-356-2570
Fax: 845-356-4335
website: www.kgglaw.com
-and-
**210 Summit Avenue**
**Montvale, New Jersey 07645**
Tel: 201-391-7000
Fax: 201-307-1086

## THE FIRM

**KANTROWITZ, GOLDHAMER & GRAIFMAN**, is a full-service law firm (the "Firm") with offices located in Montvale, New Jersey, at 210 Summit Avenue, Montvale, New Jersey 07645 and with offices at 747 Chestnut Ridge Road, Chestnut Ridge, New York.

The Firm is managed by its four (4) partners, PAUL B. GOLDHAMER, BARRY S. KANTROWITZ, GARY S. GRAIFMAN and RANDY J. PERLMUTTER

Among the various areas of law practiced by the Firm, the Firm specializes in commercial litigation and class action litigation, which is managed by Gary S. Graifman of the Firm (see below).

The Firm has a total of twelve (12) attorneys, including the four partners. There are five (5) associates and twelve (12) support personnel (paralegals, secretaries and bookkeeping), as well as three (3) of counsel attorneys at the firm's offices. The biographical information of Gary S. Graifman, partner in charge of this matter, is set forth below.

**Gary S. Graifman, Esq.** is a partner in the firm of **KANTROWITZ, GOLDHAMER & GRAIFMAN**. Prior to joining the firm, he was a partner in the firm of ATLAS &

GRAIFMAN in New York City, New York. Mr. Graifman specializes in the area of commercial litigation and securities and consumer class action litigation. He is admitted to practice before the courts of the State of New York, the State of New Jersey, the United States Federal Courts for the Southern District of New York, the Eastern District of New York, the District of New Jersey, the United States Court of Appeals for the Second Circuit and the Eighth Circuit. He is also a member of the Class Action Committee of the New Jersey State Bar Association. Mr. Graifman has litigated numerous cases involving complex business litigation and employment law. He has litigated a number of cases resulting in reported decisions, including cases of first impression.

In a recent settlement of a nationwide consumer fraud class action on behalf of 11,000 businesses who had been defrauded by the telephone company Norvergence and various equipment leasing companies, the New Jersey Superior Court approved a partial settlement with CIT Technology Financing, U.S. Bancorp, De Lage Laden Leasing and two other leasing companies on June 30, 2006. The firm, Kantrowitz Goldhamer & Graifman, was Co-Lead Counsel.

The presiding Judge, Judge Robert Coogan stated that: "The class counsel at bar ...are well qualified, they are experienced in class action litigation. Counsel have vigorously pursued this litigation in this court, and although it's a rounded number, it has been two years, almost. [W]hat was shown here and what leads me to acknowledge this is the dimension, the worthiness, the scope of the advocacy, and the overall professional presentation, both in terms of the pleadings and here in the courtroom. There's also one other thing that I think as a jurist we judges fail to take note of, but now is the appropriate time to do it, it's the concept of collegiality. Collegiality amongst yourselves, collegiality of yourselves to the Court. And then I say

collegiality amongst yourselves I mean that without there being one ounce of sacrifice of the responsibility that each of you have as a litigator to advocate.  There has been full advocacy here, but it's been done with a recognition of that other asset, which is collegiality.  The record will confirm counsel have done it this morning, that this pursuit has been vigorous.  There has been extensive document discovery conducted here, depositions were conducted.  And all of that to a point prior, prior to the time of beginning the time to, process of trying to resolve the case. ... I'm satisfied that counsel who have accepted the responsibility of appearing on behalf of the named plaintiffs have fairly and adequately represented the interest of the class.  Adequately I use only because that's the standard.  The reality here is that it was superior work."

In another recent settlement of a nationwide class action against the vehicle manufacturer DaimlerChrysler, alleging defective brake assemblies for Jeep Grand Cherokees, Mr. Graifman served as co-lead counsel for the class.  In approving the settlement, the Court (Hon. Jonathan N. Harris, New Jersey Super. Ct., Bergen Co.) stated: "[P]laintiffs' counsel engaged in careful and extensive research, investigation, and analysis of the facts and circumstances surrounding the conduct of defendants' business practices.  I conclude that class counsel have a sufficient basis upon which to assess the strengths and weaknesses of the claims and the terms of the settlement."

The following represent examples of class action, complex business litigation and reported cases of note **Mr. Graifman** and the firm have taken an active role in:

1. **Lubitz, et al. v. DaimlerChrysler Corp**., BER-L-4883-04 (New Jersey Superior Court, Bergen Co.)  **Mr. Graifman** and the Firm served as Co-Lead Counsel for the class in this consumer action against DaimlerChrysler Corp.  The Court certified a nationwide settlement class and approved a settlement valued at $14.5 million to owners of Jeep Grand Cherokees, model years 1999 through 2004.

2. **In re: Painewebber Limited Partnership Litigation**, 94 Civ. 8547 (SHS) (S.D.N.Y.) Court approved a settlement involving a fund of approximately $200 million dollars.  This suit was first initiated by KANTROWITZ, GOLDHAMER & GRAIFMAN, P.C.

and two other firms in Texas. The case later expanded to cover a multitude of other claims and was settled in a consolidated New York action.

3. **In re NICE Systems, Ltd. Securities Litigation**, Master File No. 2:01cv737 (JAG)(U.S. District Ct., D. New Jersey). **Mr. Graifman** and the Firm served as Liaison Counsel for the class in this securities fraud class action litigation which settled for $ 10 million dollars and was approved by the Court on April 7, 2003.

4. **MARTINEZ v DISTRICT 1199J NEW JERSEY BENEFIT FUND**, et al., Docket No. 97cv3381 (WJM) (U.S. District Court D. New Jersey). **Mr. Graifman** and the Firm served as Lead Counsel in certified class action against Union Benefit Fund in which claims alleging violation of ERISA were upheld. The case was fully litigated to final judgment for the plaintiff class and thereafter, upon execution on the judgment was satisfied with full payment being made to reimburse class members 100% of their losses (Union Members received full reimbursement for all medical bills paid out-of-pocket during the class period).

5. **In re PHARMAPRINT, Inc. Securities Litigation**, Master File No. 00cv61 (JAP) (U.S. District Ct., D. New Jersey). Firm was Co-Lead Counsel for the plaintiff class in this securities fraud class action which settled for $ 2.3 million dollars in connection with claims against this out of business company.

6. **Birenbaum v. John Hancock Mutual Life Ins. Co.**, L-1957-96 (N.J. Superior Court, Essex Co.). **Mr. Graifman** and the Firm served as Co-Counsel for the class in this securities fraud class action certified and settled as a nationwide class action in New Jersey State Court.

7. **Maizes & Maizes, et al. v. Apple Computer, Inc.**, et al. L-13780-95 (N.J. Superior Court, Essex Co.). **Mr. Graifman** and the Firm served as Liaison Counsel in consumer fraud class action pending in New Jersey State Court alleging misrepresentation in the sale of computer monitors by various computer monitor distributors. The action was related to In re: Computer Monitor, Proceeding No. 3158, pending in California Superior, San Francisco County. Joint efforts of negotiation resulted in a settlement which was approved by the California Court. The settlement was valued in excess of $15 million dollars.

8. **Goldberg v. IDM Environmental**, L-11783-96 (N.J. Superior Court, Middlesex Co. 1966) Securities fraud class action in New Jersey state court. Settlement included payment of $1.125 million to nationwide claims of shareholders.

9. **Amplidyne, Inc. Securities Litigation**, 99-4468 (D. New Jersey). Securities fraud class action litigation settled, alleging violations of Section 10(b) and Section 20 of the Exchange Act of 1934.

10. **In re: Anadigics Securities Litigation**, 98 Civ. 917 (MLC) (D.N.J.) Securities fraud class action litigation alleging violations of Section 10(b) and Section 20 of the Exchange Act of 1934. The action was settled for approximate $11.75 million dollars.

11. **In re: Interactive Network, Inc. Securities Litigation** (Civ. Action No. 95-0026 (DLJ) (N.D. Cal.). Securities fraud class action litigation alleging violations of Section 10(b) and Section 20 of the Exchange Act of 1934. Nationwide class certified in connection with settlement in the sum of $1.9 million dollars.

12. **In re: Delgratia Mining Corp. Securities Litigation**, MDL Dock. No. 1201 (D. Nev.). Securities fraud class action litigation alleging violations of Section 10(b) and Section 20 of the Exchange Act of 1934. Nationwide class action settled for stock of defendant and distribution of a cash payment.

13. **Feiner v. Orange & Rockland Utilities, Inc.**, 862 F. Supp. 1084, RICO Bus. Disp. Guide 8672 (S.D.N.Y., Sept. 8, 1994) (No. 93 Civ. 5796 (CLB) (filed as class action on behalf of ratepayers of utility) (settled on appeal before the Second Circuit).

14. **Dakota Industries, Inc. v. Ever Best Ltd.**, 38 F.3d 910, 31 U.S.P.Q.2d 1355 (8th Cir. (S.D.), July 8, 1994) (No. 93-2723, 93-2765). In this trademark infringement matter, **Mr. Graifman** and the Firm served as lead trial counsel for the defendant, a nationwide jeans distributor. After a three week trial in Sioux Falls, South Dakota, the jury returned a verdict for defendant.

15. **Nu-Life Const. Corp. v. Board of Educ. of City of New York**, 809 F.Supp. 171, 80 Ed. Law Rep. 568 (E.D.N.Y., Nov. 14, 1992) (No. Civ-86-0807) (ADS)). In this major RICO action based on wire fraud, mail fraud and violations of the Hobbs Act, **Mr. Graifman** and the Firm served as sole trial counsel for plaintiffs who alleged that they were subjected to extortion demands by various school construction authority supervisors and inspectors. After a six week jury trial before Judge Spatt, one plaintiff procured a partial settlement and the other received a verdict on their RICO claims against the respective school inspectorial staff members.

16. **Nu-Life Const. Corp. v. Board of Educ. of City of New York, Div. of School Bldgs. of Bd. of Educ. of City of New York**, 795 F.Supp. 602, RICO Bus. Disp. Guide 8035 (E.D.N.Y., June 16, 1992) (No. CV-86-0807 (ADS)). See above description.

17. **Nu-Life Const. Corp. v. Board of Educ. of City of New York**, 789 F.Supp. 103, 75 Ed. Law Rep. 1009, RICO Bus. Disp. Guide 7885 (E.D.N.Y., Dec. 2, 1991) (No. CV-86-0807 (ADS)). See above description.

18. **Dakota Industries, Inc. v. Ever Best Ltd.**, 944 F.2d 438, 20 U.S.P.Q.2d 1158 (8th Cir. (S.D.), Sept. 12, 1991) (No. 91-1036).

19. **Elliot Gould v. Ladenberg Thalman**, 1990 WL 209641, Fed. Sec. L. Rep. P. 95, 667 (S.D.N.Y., Dec. 17, 1990) (No. 90 Civ. 4140 (MBM)). Securities fraud claims litigated on behalf of Elliot Gould against former financial advisors. Case settled before trial.

20. **Sablosky v. Edward S. Gordon Co., Inc.**, 73 N.Y.2d 133, 535 N.E.2d 643, 538 N.Y.S.2d 513, 4 IER Cases 1315 (N.Y., Feb. 21, 1989) (No. 32). Reported case decided by New York Court of Appeals which concerned the scope of contractual obligations and enforcement thereof.

21. **SSH Co., Ltd. v. Shearson Lehman Bros. Inc.**, 678 F.Supp. 1055, Blue Sky L. Rep. P. 72, 695, Fed. Sec. L. Rep. P. 93, 647 (S.D.N.Y., Dec. 24, 1987) (No. 86 Civ 5981 (PNL)).

22. **Stephano v. News Group Publications, Inc.**, 64 N.Y.2d 174, 474 N.E.2d 580, 485 N.Y.S.2d 220, 11 Media L. Rep. 1303 (N.Y., Dec. 20, 1984). **Mr. Graifman** litigated this case defining the parameters of right of privacy and right of publicity in the State of New York.

23. **Brooke Shields v. Garry Gross**, 58 N.Y.2d 338, 448 N.E.2d 108, 461 N.Y.S.2d 254, 9 Media L. Rep. 1466 (N.Y., Mar. 29, 1983). **Mr. Graifman** represented fashion photographer, Gary Gross, sued by Brooke Shields relating to scope of the right of privacy and right of publicity in New York. This case of first impression was decided by the New York Court of Appeals, which affirmed the original trial court judgment in favor of photographer.

**Articles and Publications**

*Arbitration Clauses and Class Action Bans: Should Defendants Be Careful Of What They Wish For*? by Gary S. Graifman, Alan E. Kraus and Joan E. Karn; (N.J. Institute for Continuing Legal Education 2007) Handout Materials for "Hot Topics In Class Actions" seminar for New Jersey ICLE;

*Negotiating A Commercial Lease-- From the Tenant's Vantage*, Gary S. Graifman, "The Rockland Business Digest," Vol 1, Issue 5, April 2007;

*CCA Treated Wood-- An Emerging Toxic Tort?* By Gary S. Graifman (American Conference Institute 2003) Handout Materials for "Toxic Tort Litigation, Successful Claims and Litigation Strategy" Seminars Conducted March 2003 by American Conference Institute;

*Dealing With Infants In The Modeling Industry-- A Primer for Adults*, by Gary S. Graifman, "Journal of Art And The Law Journal," Vol. 8, No. 1, 1983 (Jointly Published by Columbia University School of Law and Volunteer Lawyers for the Arts).

**Randy J. Perlmutter, Esq.** is an associate with the firm of **KANTROWITZ, GOLDHAMER & GRAIFMAN.** Mr. Perlmutter is a graduate of the University of Massachusetts at Amherst and New York Law School, where he was an Articles Editor for the New York Law School of International Comparative Law Journal of International Comparative Law and a member of the Moot Court Association. Mr. Perlmutter returns to New York Law School annually as a Judge of various moot court competitions including the Robert Wagner Labor & Employment National Competition. Mr. Perlmutter started his career as a Regional Director and Human Resources Manager of a large retail corporation. Mr. Perlmutter also worked for in-house counsel at a high end women's fashion company where he regularly advised upper management and field management on policies, practices and procedures related to employment matters. Mr. Perlmutter practices in the areas of commercial litigation and employment law. He is a member of the Human Resources Committee with the Commerce and Industry Association of New Jersey, where he has been a recent lecturer.

**Reginald H. Rutishauser, Esq.**, is an associate in the firm of **KANTROWITZ, GOLDHAMER & GRAIFMAN, P.C.** Mr. Rutishauser is primarily a litigator and appellate advocate at the firm who has assisted in the prosecution of various class actions. He is admitted to practice before the Courts of New York State, New Jersey, and the United States District Courts for the Eastern District of New York, the Southern District of New York, and the District of New Jersey, as well as the United States Court of Appeals for the Second Circuit. Mr. Rutishauser was admitted as a Certified Public Accountant in the State of New Jersey. He has a Masters of Science Degree in Taxation from Pace University, and a Bachelors of Arts degree from Colgate University. He is a member of the Rockland County Bar Association

**William T. Schiffman, Esq.**, received his J.D. degree from Brooklyn Law School, 1974 and is admitted to practice in New York (1975), Texas (1976), and New Jersey (1981).

Mr. Schiffman was Law Clerk to the Honorable Woodrow Seals, United States District Judge, Southern District of Texas from 1974-1977. In that position Mr. Schiffman was responsible for preparing decisions and orders on motions as well as observing trials and assisting Judge Seals in preparing finds of fact and conclusions of law.

From 1977-1979, Mr. Schiffman was associated with the law firm of Urban & Coolidge in Houston Texas. Mr. Schiffman's principal practice area was commercial litigation.

From 1979 to 1985, Mr. Schiffman was an attorney for AT&T, first in the Long Lines Department in Atlanta, Georgia, and then in company headquarters in New Jersey. Mr. Schiffman's responsibilities principally in the area of general litigation and the AT&T antitrust litigation prior to divestiture.

From 1985 to 1993, Mr. Schiffman was with the law firm of Jacob & Meyers, first as the managing attorney of several offices, then as New Jersey resident partner in charge of the northern New Jersey offices. The practice was principally in the area of litigation.

From 1993 to date, Mr. Schiffman has been associated with Kantrowitz & Goldhamer, P.C., in New York, and its affiliate, Kantrowitz & Goldhamer in New Jersey. Mr. Schiffman's responsibilities are principally in the area of litigation including securities and employment class action, as well as complex contested matrimonial and general commercial litigation.