**THE ROSEN LAW FIRM, P.A.**
Phillip Kim, Esq. (PK 9384)
   email:   pkim@rosenlegal.com
Laurence M. Rosen, Esq. (LR 5733)
   email:   lrosen@rosenlegal.com
350 Fifth Avenue, Suite 5508
New York, New York 10118
Telephone: (212) 686-1060
Fax: (212) 202-3827

[Proposed] Lead Counsel for Lead Plaintiffs and Class

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| STEVE MACRINA, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,<br><br>                      Plaintiff,<br><br>vs.<br><br>J. ROGER MOYER, JR., THOMAS DAUTRICH, GEORGE W. GRANER, EQUIPMENT FINANCE, LLC, BANK OF LANCASTER, N.A.<br><br>                      Defendants.<br><br>***[Caption Continues]*** | ECF CASE<br>Case No.: 1:07cv04108 (JGK)<br><br>**MEMORANDUM OF LAW IN SUPPORT OF MOTION OF THE STERLING INVESTOR GROUP TO: (1) CONSOLIDATE RELATED ACTIONS; (2) APPOINT LEAD PLAINTIFFS; AND (3) APPROVE LEAD PLAINTIFFS' SELECTION OF COUNSEL** |

| | |
|---|---|
| BRIAN JOHNSON, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,<br><br>                Plaintiff,<br><br>vs.<br><br>STERLING FINANCIAL CORPORATION, et al.<br><br>                Defendants. | Case No.: 1:07cv04652 (JGK) |
| CASTLE STRATEGIC TRADING, INC., INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,<br><br>                Plaintiff,<br><br>vs.<br><br>J. ROGER MOYER, JR., et al.<br><br>                Defendants. | Case No.: 1:07cv05594 (JGK) |
| JEFFREY M. COOLEY , INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,<br><br>                Plaintiff,<br><br>vs.<br><br>J. ROGER MOYER, JR., et al.<br><br>                Defendants. | Case No.: 1:07cv05671 (JGK) |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION OF THE STERLING INVESTOR GROUP TO: (1) CONSOLIDATE RELATED ACTIONS; (2) APPOINT LEAD PLAINTIFFS; AND (3) APPROVE LEAD PLAINTIFFS' <u>SELECTION OF COUNSEL</u>**

2

Plaintiffs Financial Securities Company, a Pennsylvania Partnership ("FCS"), and Mr. and Mrs. Ronald L. Good (the "Goods"); (collectively "Movants" or "Sterling Investor Group") respectfully submit this memorandum of law in support of their motion for an Order, pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"):

(1) consolidating the related actions pending in this district pursuant to Fed. R. Civ. P. 42(a);

(2) appointing the Sterling Investor Group and its members individually and collectively as Lead Plaintiffs for the class of all purchasers of common stock of Sterling Financial Corporation ("Sterling"), during the period from April 27, 2004 through May 24, 2007 (the "Class Period"); and

(3) approving Movants' selection of The Rosen Law Firm P.A. as Lead Counsel Lead Plaintiffs and Class.

## INTRODUCTION AND BACKGROUND

Defendant Equipment Finance, LLC ("EFI") is a wholly owned subsidiary of defendant Bank of Lancaster County, N.A. ("Bank of Lancaster"). Bank of Lancaster in turn is a wholly-owned subsidiary of Sterling Financial Corporation ("Sterling"), a publicly traded Pennsylvania financial holding Company. Sterling's common stock is listed on the NASDAQ market under ticker "SLFI." Sterling conducts its banking business through various operating subsidiaries including Bank of Lancaster and EFI.

On May 25, 2007 the Rosen Law Firm filed the first of four related actions filed in this district and four other related actions filed in the U.S. District Court for the Eastern District of Pennsylvania, on behalf of purchasers of Sterling common stock during the Class Period. That

same day, the Rosen Law Firm issued a PSLRA early notice via a national financial newswire service advising class members of, *inter alia*, the allegations and claims in the Complaint, the Class Period, and advising class members of their option to seek appointment as Lead Plaintiff. (See Declaration of Phillip Kim, ("Kim Decl." Ex. 1).  On  June 28, 2007, certain plaintiffs in a related action filed a motion and supporting brief with the Judicial Panel on Multidistrict Litigation ("JPML") requesting that all the related actions herein, be transferred to the Eastern District of Pennsylvania, for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407.  *In re Sterling Financial Corp. Secs. Litig.*, MDL No. 1879.

      All of the related actions assert claims against EFI, Bank of Lancaster, and/or Sterling and certain of its officers, directors, and agents for violations of the Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 ("Exchange Act"), by engaging in a scheme to defraud the investing public and to artificially inflate the stock price of Sterling.  The Complaint alleges that certain officers and employees of EFI engaged in a sophisticated loan scheme to cause Sterling to issue materially false and misleading financial information to the investing public in order to artificially inflate Sterling's stock price in violation of federal securities laws.  The Complaint asserts that on April 30, 2007 Sterling announced that it expected to restate its previously issued financial statements for FY 2004 through and including FY 2006 in connection with certain accounting irregularities at its EFI wholly owned subsidiary.  Sterling announced that EFI's CEO and President had voluntarily relinquished his positions.  This adverse announcement caused Sterling's stock to fall nearly 19%.

      After market-close on May 24, 2007, Sterling announced preliminary results from its ongoing investigation.  According to the Complaint, the investigation revealed evidence of a sophisticated loan scheme, orchestrated deliberately by certain EFI officers and employees over

an extended period of time to conceal credit delinquencies, falsify financing contracts and related documents, and subvert internal controls established by Sterling. As a result, Sterling announced it terminated 5 employees at EFI and expected to take a cumulative after-tax charge of $145 million to $160 million to the Sterling's FY 2006 results. Further announcements on May 24, 2007 revealed that Sterling was halting its dividend. This announcement caused the Sterling's stock to fall nearly 40% on May 25, 2007.

## ARGUMENT

**I.     THE RELATED ACTIONS SHOULD BE CONSOLIDATED**

Preliminarily, while this and the related actions pending in this district are subject to pending JPML proceedings, the pendency of that action does not restrict this Court's authority to consolidate the related actions pending in this district. See JPML Rule 1.5.[1] In any event, consolidation of related cases pending in this district is proper where, as here, the actions involve common questions of law and fact such that consolidation would prevent unnecessary cost or delay in adjudication:

> When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all of the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

Fed. R. Civ. P. 42(a). See also Johnson v. Celotex Corp., 899 F.2d 1281, 1284 (2d Cir), cert. denied, 498 U.S. 920 (1990); In re MicroStrategy Inc. Sec. Litig., 110 F.Supp.2d 427, 431 (E.D. Va. 2000); Manual for Complex Litigation (Third) § 20.123, at 13-14 (1995). The PSLRA

---

[1] "The pendency of a motion, order to show cause, conditional transfer order or conditional remand order before the Panel concerning transfer or remand of an action pursuant to 28 U.S.C. § 1407 does not affect or suspend orders and pretrial proceedings in the district court in which the action is pending and does not in any way limit the pretrial jurisdiction of that court." JPML Rule 1.5.

contemplates consolidation where "more than one action on behalf of a class asserting substantially the same claim or claims arising under this chapter has been filed." 15 U.S.C. 78u-4(a)(3)(A)(ii). As such, the PSLRA does not displace the traditional legal standards for consolidation under Fed. R. Civ. P. 42(a).

Each of the above-captioned actions have been filed in the this district alleging similar factual and legal grounds to support allegations of violations of Sections 10(b) and 20(a) of the Exchange Act by the defendants arising from the dissemination false and misleading information to investors contained in the Sterling's periodic filings with the SEC and/or public announcements. Accordingly, the above-referenced cases should be consolidated pursuant to Fed. R. Civ. P. 42(a) for all purposes.

## II.     THE MOVANTS SHOULD BE APPOINTED LEAD PLAINTIFFS

The PSLRA sets forth procedures for the selection of Lead Plaintiffs in class actions brought under the Exchange Act. The PSLRA directs courts to consider any motion to serve as Lead Plaintiff filed by class members in response to a published notice of class action by the latter of (i) 60 days after the date of publication, or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. § 78u-4(a)(3)(B)(i) and (ii).

The PSLRA provides a "rebuttable presumption" that the most "adequate plaintiff" to serve as Lead Plaintiff is the "person or *group of persons*" that:

> (aa) has either filed the complaint or made a motion in response to a notice . . .;
>
> (bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii) (*emphasis added*).

As set forth below, the Movants satisfy all three of these criteria and thus are entitled to the presumption that they are the most adequate plaintiffs of the class and, therefore, should each be appointed Lead Plaintiff.

### A.    The Movants are Willing to Serve as Class Representative

Each of the members of the Sterling Investor Group have filed the instant motion, and have filed with this Court a Certification attesting that he is willing to serve as a representative of the class and is willing to provide testimony at deposition and trial, if necessary (See Kim Decl., Ex. 2). Accordingly, each of the members of the Sterling Investor Group satisfy the first requirement to serve as Lead Plaintiffs for the Class.

### B.    The Movants Have The Largest Financial Interest in the Action

The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff . . . is the person or **group of persons** that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii) (*emphasis added*). "While the PSLRA does not specify how we should decide which plaintiff group has the 'largest financial interest' in the relief sought, most courts simply determine which potential lead plaintiff has suffered the greatest total losses." Takara Trust v. Molex, 229 F.R.D. 577, 579 (N.D. Ill. 2005). While some Courts have applied the Lax/Olsten-styled[2] analysis in determining the largest financial interest, "[t]he amount of financial loss is the most significant of [LAX-style] elements." Weiss v. Friedman, Billings, Ramsey, Group, Inc., 2006 WL 197036 * 3 (S.D.N.Y. Jan. 25, 2006) (Holwell, J.) (quoting In re Vicuron Pharms. Inc. Sec. Litig., 225 F.R.D. 508, 511 (E.D. Pa. 2004)); see also Richardson v. TVIA, Inc., 2007 WL 1129344 * 4 (N.D. Cal. Apr. 16, 2007) (of the Lax/Olsten Factors approximate loss is most determinative). Indeed, "the best

---

[2] Lax v. First Merch. Acceptance Corp., 1997 WL 461036 *5 (N.D. Ill. Aug. 11, 1997); In re Olsten Corp. Secs. Litig., 3 F.Supp.2d 286, 295 (E.D.N.Y. 1998).

7

yardstick by which to judge 'largest financial interest' is the amount of loss, period." In re Bally Total Fitness, Sec. Litig., 2005 WL 627960 * 4 (N.D. Ill. Mar. 15, 2005).

Movant FCS,[3] purchased a total of 1,500 shares of Sterling stock during the Class Period at a cost basis of $ $41,802.00. Movant still holds all of these shares. Thus, FCS has suffered approximate losses of $25,377.00 in Sterling stock. (See Kim Decl., Exs. 2-3).[4]

Movant the Goods[5] purchased a total of 875.798 shares of Sterling stock during the Class Period at a costs basis of $19,783.13. Thus, the Goods have suffered approximate losses of $10,193.15, in Sterling stock. (See Id.)

With only two lead plaintiff parties, the Sterling Investor Group, with collective losses of $35,570.15, is small enough that coordinated decision making should not present any difficulties. The Securities and Exchange Commission has noted, and numerous courts have held, that groups of this size, all with substantial losses, are suitable lead plaintiffs. See e.g. In re Nature's Sunshine Products, Inc., 2006 WL 2380965 (D. Utah Aug. 16, 2006) (appointing group of three unrelated investors lead plaintiff); Weltz v. Lee, 199 F.R.D. 129, 133 (S.D.N.Y. 2001) (appointing a seven member group lead plaintiff); see also In re Baan Co. Sec. Litig., 186 F.R.D. 214, 217 (D.D.C.1999); In re Cendant Corp. Secs. Litig., 264 F.3d 201, 267 (3d. Cir. 2001) (agreeing with SEC view that a group larger than five may be too large to work effectively); In re The First Union Corp. Secs. Litig., 157 F. Supp.2d 638, 643 (W.D.N.C. 2000); In re Universal

---

[3] FCS' certification is executed by its General Partner, who has authority to bind the partnership and to act on its behalf in this regard.

[4] In determining losses for held shares, Movants use the average daily closing price of the Sterling's stock ($10.95) from the end of the Class Period to July 23, 2007 -- as the 90 days have not elapsed pursuant to the PSLRA look-back period. See Microstrategy, 110 F. Supp.2d at 436 no. 22 (applying PSLRA look-back period); 15 U.S.C. §78u-4(e)(1).

[5] The Goods maintain their account in tenancy by the entirety. The Goods' certification is executed by both Mr. and Mrs. Good.

Access, Inc. Secs. Litig., 209 F.R.D. 379, 384 (E.D. Tex. 2002); In re Oxford Health Plans, Inc. Secs. Litig., 182 F.R.D. 42, 49 (S.D.N.Y. 1998) (co-lead plaintiff group allows for broad representation and sharing of resources and experience).

Movants are not aware of any other movants that have suffered greater losses in Sterling securities during the Class Period. Accordingly, with total losses of $35,570.15, the Sterling Investor Group satisfies the largest financial interest requirement to be appointed as Lead Plaintiffs for the class.

    **C.**    **The Movants Satisfy the Requirements of Rule 23 of the Federal Rules of Civil Procedure**

Section 21D(a)(3)(B)(iii)(I)(cc) of the PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, the Lead Plaintiffs must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

In making its determination that the Lead Plaintiffs satisfy the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification -- a prima facie showing that the Movant satisfies the requirements of Rule 23 is sufficient. Greebel v. FTP Software, 939 F. Supp. 57, 60, 64 (D. Mass. 1996). Moreover, "typicality and adequacy of representation are the only provisions relevant to a determination of lead plaintiff under the PSLRA." Oxford Health Plans, 182 F.R.D. at 49 (*citing* Gluck v.

9

Cellstar Corp., 976 F. Supp. 542, 546 (N.D. Tex. 1997) and Fischler v. Amsouth Bancorporation, 176 F.R.D. 583 (M.D. Fla. 1997)); Olsten Corp., 3 F. Supp. 2d at 296.

The Sterling Investor Group and each of its members fulfill the requirements of Rule 23. They each share substantially similar questions of law and fact with the members of the class and their claims are typical of the members of the class. Each of the members of the Sterling Investor Group and all members of the class allege that defendants violated the Exchange Act by causing Sterling to publicly disseminate false and misleading financial statements. Each of the members of the Sterling Investor Group, as did all of the members of the class, purchased Sterling shares at prices artificially inflated by defendants' misrepresentations and omissions and was damaged thereby. These shared claims also satisfy the requirement that the claims of the representative parties be typical of the claims of the class.

Thus, the close alignment of interests between each of the members of the Sterling Investor Group and other class members, as well as his strong desire to prosecute these actions on behalf of the class, provides ample reason to grant the Movants' motion to serve as Lead Plaintiffs.

    **D.**    **The Movants Will Fairly and Adequately Represent the Interests of the Class and Is Not Subject to Unique Defenses**

The presumption in favor of appointing the Sterling Investor Group as Lead Plaintiffs may be rebutted only upon proof "by a purported member of the plaintiffs' class" that the presumptively most adequate plaintiff:

    (a)    will not fairly and adequately protect the interest of the class; or

    (b)    is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(b)(iii)(I).

The Sterling Investor Group and each of its members' ability and desire to fairly and adequately represent the class has been discussed in Section C, above. The Sterling Investor Group is not aware of any unique defenses defendants could raise against them that would render any of them inadequate to represent the class. Accordingly, the Court should appoint the Sterling Investor Group as Lead Plaintiffs for the class.

### III.    THE MOVANTS' SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the Lead Plaintiffs to select and retain lead counsel, subject to the approval of the Court. 15 U.S.C. § 78u-4(a)(3)(B)(v). The Court should only interfere with Lead Plaintiffs' selection when necessary "to protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

The Sterling Investor Group and each of its members have selected The Rosen Law Firm, P.A. as Lead Counsel. The Rosen Law Firm has been actively researching the class Plaintiffs' claims - interviewing potential witnesses, reviewing financial and legal documents, seeking relevant data from third parties, and gathering other information in support of the claims against the Defendants. Indeed, the Rosen Law Firm was the firm that filed the first of the many related securities class action against the defendants. Furthermore, the Rosen Law Firm is experienced in the area of securities litigation and class actions, and has successfully prosecuted securities litigations and securities fraud class actions on behalf of investors (See Kim Decl., Ex. 4).

As a result of the firm's experience in litigation involving issues similar to those raised in this action, Movants' counsel has the skill and knowledge to prosecute this action effectively and expeditiously. Thus, the Court may be assured that by approving the Movants' selection of Lead Counsel, the members of the class will receive the best legal representation available.

### CONCLUSION

For the foregoing reasons, the Movants respectfully request the Court issue an Order (1) consolidating the related actions pending in this district; (2) appointing the Sterling Investor Group and each of its members as Lead Plaintiffs of the class; (3) approving the Sterling Investor Group's selection of The Rosen Law Firm P.A. as Lead Counsel; and (4) granting such other relief as the Court may deem to be just and proper.

                                    Respectfully submitted,

Dated: July 24, 2007

**THE ROSEN LAW FIRM, P.A.**

      /s/ Phillip Kim
Phillip Kim, Esq. (PK 9384)
Laurence M. Rosen, Esq. (LR 5733)
350 Fifth Avenue, Suite 5508
New York, New York 10118
Telephone: (212) 686-1060
Fax: (212) 202-3827
Email: pkim@rosenlegal.com
Email: lrosen@rosenlegal.com

[Proposed] Lead Counsel for Lead Plaintiffs and Class

## CERTIFICATE OF SERVICE

    I hereby certify that on this on the 24th day of July, 2007, a true and correct copy of the foregoing MEMORANDUM OF LAW IN SUPPORT OF MOTION OF THE STERLING INVESTOR GROUP TO: (1) CONSOLIDATE RELATED ACTIONS; (2) APPOINT LEAD PLAINTIFFS; AND (3) APPROVE LEAD PLAINTIFFS' SELECTION OF COUNSEL, was served by CM/ECF to the parties registered to the Court's CM/ECF system.

                                           /s/ Phillip Kim