UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| STEVE MACRINA, Individually and On Behalf of All Others Similarly Situated, : : : : Plaintiff, : : vs. : : J. ROGER MOYER, JR., et al., : : Defendants. : | Civil Action No. 1:07-cv-04108-JGK <br><br> <u>CLASS ACTION</u> |
| BRIAN JOHNSON, Individually and On Behalf of All Others Similarly Situated, : : : : Plaintiff, : : vs. : : STERLING FINANCIAL CORP., et al., : : Defendants. : | Civil Action No. 1:07-cv-04652-JGK <br><br> <u>CLASS ACTION</u> |

[Caption continued on following page.]

MEMORANDUM OF LAW IN SUPPORT OF DISTRICT NO. 9,
I.A. OF M. & A.W. PENSION TRUST'S MOTION FOR CONSOLIDATION,
APPOINTMENT AS LEAD PLAINTIFF AND FOR APPROVAL OF
LEAD PLAINTIFF'S SELECTION OF LEAD COUNSEL

|  |  |
|---|---|
| CASTLE STRATEGIC TRADING, LLC, Individually and On Behalf of All Others Similarly Situated,<br><br>     Plaintiff,<br><br> vs.<br><br>J. ROGER MOYER, JR., et al.,<br><br>     Defendants. | Civil Action No. 1:07-cv-05594-JGK<br><br><u>CLASS ACTION</u> |
| JEFFREY M. COOLEY, Individually and On Behalf of All Others Similarly Situated,<br><br>     Plaintiff,<br><br> vs.<br><br>STERLING FINANCIAL CORP., et al.,<br><br>     Defendants. | Civil Action No. 1:07-cv-05671-JGK<br><br><u>CLASS ACTION</u> |

**TABLE OF CONTENTS**

**Page**

I. INTRODUCTION ..........................................................................................................1

II. STATEMENT OF FACTS ............................................................................................2

III. ARGUMENT..................................................................................................................4

    A. District No. 9 Satisfies the PSLRA's Requirements and Should Therefore Be Appointed as Lead Plaintiff..........................................................................4

        1. Notice Was Properly Published and District No. 9 Has Timely Moved the Court for Appointment ...............................................................4

        2. District No. 9 Has the Requisite Financial Interest in the Relief Sought by the Class...................................................................................4

        3. District No. 9 Otherwise Satisfies Rule 23 ................................................4

    B. District No. 9's Selection of Lead Counsel Should Be Approved..........................6

    C. This Court Should Consolidate Related Actions ....................................................7

IV. CONCLUSION...............................................................................................................8

District No. 9, I.A. of M. & A.W. Pension Trust ("District No. 9") respectfully submits this Memorandum of Law in support of its Motion for: (1) consolidation of the above-captioned actions pursuant to Fed. R. Civ. P. 42(a); (2) appointment as Lead Plaintiff pursuant to the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), 15 U.S.C. §78u-4; and (3) approval of its selection of Lerach Coughlin Stoia Geller Rudman & Robbins LLP ("Lerach Coughlin") as Lead Counsel.

## I.    INTRODUCTION

The related federal securities class actions are brought on behalf of purchasers of the common stock of Sterling Financial Corp. ("Sterling Financial" or the "Company") between April 27, 2004 and May 25, 2007, inclusive (the "Class Period"), seeking to pursue remedies under the Securities Exchange Act of 1934 (the "Exchange Act"). The related actions are brought pursuant to §§10(b) and 20(a) of the Exchange Act, 15 U.S.C. §§78j(b) and 78t(a), and Securities and Exchange Commission ("SEC") Rule 10b-5 promulgated thereunder, 17 C.F.R. §240.10b-5.

After consolidating the related actions, the Court must appoint as lead plaintiff the "person or group of persons" with the "largest financial interest in the relief sought by the class" that otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure ("Rule 23"). *See* 15 U.S.C. §78u-4(a)(3)(B). Here, District No. 9 should be appointed as Lead Plaintiff because it: (1) timely filed its motion; (2) has the largest financial interest in this litigation of any plaintiff or lead plaintiff movant of which District No. 9 is aware; and (3) will adequately represent the interests of the class. *See* 15 U.S.C. §78u-4(a)(3)(B)(iii); *see also* Declaration of David A. Rosenfeld in Support of District No. 9, I.A. of M. & A.W. Pension Trust's Motion for Consolidation, Appointment as Lead Plaintiff and for Approval of Lead Plaintiff's Selection of Lead Counsel ("Rosenfeld Decl."), Ex. A. In addition, District No. 9's selection of Lerach Coughlin as lead counsel should be approved because Lerach Coughlin possesses extensive experience in the prosecution of securities class actions. *See, e.g.*, *Greater Pa. Carpenters Pension Fund v. Adolor*

*Corp.*, 2004 U.S. Dist. LEXIS 26205, at *10 (E.D. Pa. 2004) (approving Lerach Coughlin's lawyers as lead counsel); *Vanamringe v. Royal Group Tech. Ltd.*, 237 F.R.D. 55, 58 (S.D.N.Y. 2006).

## II.   STATEMENT OF FACTS

Defendant Sterling Financial describes itself as a diversified financial services company based in Lancaster, Pennsylvania. The Company operates in four segments: Community Banking and Related Services, Leasing, Commercial Finance, and Trust and Investment Services.

Throughout the Class Period, defendants issued numerous positive statements and filed quarterly reports with the SEC which described the Company's increasing financial performance. These statements were materially false and misleading because they failed to disclose and misrepresented the following adverse facts, among others: (i) that Sterling Financial was materially overstating its financial results by artificially inflating revenues in its Commercial Finance division, which represented approximately 41% of Sterling Financial's net income. As detailed herein, Sterling Financial now expects to incur a charge of at least $145 million to $165 million and will be restating its financial statements for 2004 to 2006 and possibly for earlier periods; (ii) that the Company lacked adequate internal controls and was therefore unable to ascertain its true financial condition; and (iii) that as a result of the foregoing, the values of the Company's net income and earnings were materially overstated at all relevant times.

On April 30, 2007, the Company announced that it expected to restate its financial statements for the years 2004 through 2006 as a result of "*irregularities* in certain financing contracts" at Equipment Finance LLC ("Equipment Finance").[1] Moreover, the Company announced that two

---

[1] According to the Company's latest annual report filed with the SEC: "Equipment Finance LLC a wholly-owned subsidiary of Bank of Lancaster County, represents the sole affiliate within the Commercial Finance segment. Equipment Finance specializes in financing forestry and land-clearing equipment for the soft wood pulp business utilized primarily in the paper industry through

senior executives of Equipment Finance have been placed on leave. Upon this announcement, shares of the Company's stock fell $4.07 per share or almost 20% to close at $16.65 per share, on heavy trading volume.

Then, on May 24, 2007, Sterling Financial announced that the "previously reported irregularities" at Equipment Finance were a "direct result of collusion" by certain Equipment Finance employees. As a result, the Company expects to record a cumulative after-tax charge to its December 31, 2006 financial statements of at least $145 million to $165 million. Moreover, five Equipment Finance employees were terminated, including the Chief Operating Officer and Executive Vice President. In response to this announcement, on the next trading day, shares of the Company's stock fell $6.19 per share, or almost 40%, to close at $9.97 share, on extremely heavy trading volume.

Prior to disclosing these adverse facts to the investing public, the Company was able to use its artificially inflated stock to acquire The Pennsylvania State Banking Company and Bay Net Financial, and the Company allowed defendants Moyer and Scovill to sell over 60,000 shares of their personally held shares at artificially inflated prices during the Class Period for gross proceeds in excess of $1.3 million.

---

more than 150 equipment dealer locations ranging from Maine to Florida. At December 31, 2006, the Commercial Finance segment represented approximately 9% of Sterling's consolidated assets, and contributed approximately 41% of Sterling's net income from continuing operations for the year ended December 31, 2006."

**III.     ARGUMENT**

    **A.     District No. 9 Satisfies the PSLRA's Requirements and Should Therefore Be Appointed as Lead Plaintiff**

        **1.     Notice Was Properly Published and District No. 9 Has Timely Moved the Court for Appointment**

The PSLRA first requires the plaintiff who files the initial action to publish a notice to the class within 20 days of filing the action informing class members of their right to file a motion for appointment as lead plaintiff. 15 U.S.C. §78u-4(a)(3)(A)(i). Here, the relevant notice was published on *Prime NewsWire* on May 25, 2007, advising the class of the existence of the securities class action lawsuit against the defendants and their right to move for lead plaintiff. *See* Rosenfeld Decl., Ex. C; *see generally Greebel v. FTP Software*, 939 F. Supp. 57, 62-64 (D. Mass. 1996). This Motion is timely filed within 60 days from the publication of the notice. District No. 9 has also duly signed and filed a certification pursuant to 15 U.S.C. §78u-4(a)(2)(A) stating that it has reviewed the allegations of a complaint and is willing to serve as a representative party on behalf of the class. *See* Rosenfeld Decl., Ex. A. Accordingly, the PSLRA's first requirements have been satisfied.

        **2.     District No. 9 Has the Requisite Financial Interest in the Relief Sought by the Class**

During the Class Period, District No. 9 suffered losses of nearly $100,000 based on its purchase of approximately 15,200 shares of Sterling Financial stock. *See* Rosenfeld Decl., Ex. B. Upon information and belief, District No. 9's financial interest in this matter is the largest of any competing lead plaintiff movant. *See* 15 U.S.C. §78u-4(a)(3)(B)(iii)(bb).

        **3.     District No. 9 Otherwise Satisfies Rule 23**

In addition to possessing the largest financial interest in the relief sought by the class, the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(3)(B)(iii). "The initial inquiry . . . should be confined to

determining whether the movant has made a prima facie showing of typicality and adequacy." *In re Cendant Corp. Litig.*, 264 F.3d 201, 263 (3d Cir. 2001); *see also* 15 U.S.C. §78u-4(a)(3)(B)(iii)(II); Fed. R. Civ. P. 23. District No. 9 satisfies both of these requirements.

Typicality exists where the plaintiffs' claims arise from the same series of events and are based on the same legal theories as the claims of all the class members. *See Cendant*, 264 F.3d at 264-65; *Adolor*, 2004 U.S. Dist. LEXIS 26205, at *8. Typicality does not require that there be no factual differences between the class representatives and the class members because it is the generalized nature of the claims asserted which determines whether the class representatives are typical. *See Priest v. Zayre Corp.*, 118 F.R.D. 552, 555 (D. Mass. 1988) ("'With respect to typicality under Rule 23(a)(3), plaintiffs need not show substantial identity between their claims and those of absent class members, but need only show that their claims arise from the same course of conduct that gave rise to the claims of the absent [class] members.'") (citation omitted).

Here, District No. 9 satisfies Rule 23's typicality requirement because, just like all other class members, it: (1) purchased Sterling Financial common stock during the Class Period at artificially inflated prices; and (2) suffered damages thereby. Thus, District No. 9's claims are typical of those of other class members since its claims and the claims of other class members arise out of the same course of events.

In assessing adequacy, the Court must determine whether District No. 9 "'has the ability and incentive to represent the claims of the class vigorously, . . . has obtained adequate counsel, and . . . there is . . . a conflict between [its] claims and those asserted on behalf of the class.'" *Cendant*, 264 F.3d at 265 (citation omitted). Here, District No. 9 is an adequate representative because its interest in aggressively pursuing the claims against defendants is clearly aligned with the interests of the

members of the class, who similarly suffered losses because of defendants' false statements. Hence, there is no antagonism between District No. 9's interests and those of the other class members.

Finally, as demonstrated below, District No. 9's proposed lead counsel is highly qualified, experienced and able to conduct this complex litigation in a professional manner. Thus, District No. 9 *prima facie* satisfies Rule 23's typicality and adequacy requirements for the purposes of this Motion.

### B.     District No. 9's Selection of Lead Counsel Should Be Approved

The PSLRA vests authority in the lead plaintiff to select and retain counsel to represent the class, subject to court approval. *See* 15 U.S.C. §78u-4(a)(3)(B)(v); *Cendant*, 264 F.3d at 273. Here, District No. 9 has selected Lerach Coughlin as lead counsel for the class. *See* Rosenfeld Decl., Ex. D. The Honorable Melinda Harmon, of the Southern District of Texas, commented on Lerach Coughlin's representation of a class of Enron investors in a massive securities fraud class action, noting:

> In appointing . . . Lerach Coughlin Stoia Geller Rudman & Robbins LLP, as Lead Counsel under the PSLRA, the Court found counsel to be highly qualified, widely experienced in securities class actions, and competent to conduct litigation in the *Newby* class action. The firm is comprised of probably the most prominent securities class action attorneys in the country. It is not surprising that Defendants have not argued that counsel is not adequate. Counsel's conduct in zealously and efficiently prosecuting this litigation with commitment of substantial resources to that goal evidences those qualities is evident throughout this suit.

*In re Enron Corp. Sec. Derivative & "ERISA" Litig.*, 2006 U.S. Dist. LEXIS 43146, at *77 (S.D. Tex. 2006); *Adolor*, 2004 U.S. Dist. LEXIS 26205, at *10 (approving Lerach Coughlin as lead plaintiff's choice of counsel and noting that Lerach Coughlin has "litigated extensively in the area of securities class actions" and has "been appointed as lead or co-lead counsel in landmark class actions").

The Court may be assured that in the event this Motion is granted, the members of the class will receive the highest caliber of legal representation available from Lerach Coughlin.

### C. This Court Should Consolidate Related Actions

The PSLRA provides that "[i]f more than one action on behalf of a class asserting substantially the same claim or claims arising under this chapter [is] filed," the court shall not appoint a lead plaintiff until "after such decision [on the motion to consolidate] is rendered." 15 U.S.C. §78u-4(a)(3)(B)(ii). To date, District No. 9 is aware of the four above-captioned related actions in this district against defendants.[2] Under Rule 42(a) of the Federal Rules of Civil Procedure, consolidation is appropriate when the actions involve common questions of law or fact. Consolidation is particularly appropriate in securities class action litigations such as this. *See id*.

Here, all the actions relate to the same series of false and misleading statements and arise under the Exchange Act. Therefore, consolidation is appropriate. *See Johnson v. Celotex Corp.*, 899 F.2d 1281, 1285 (2d Cir. 1990).

---

[2]     Four related actions were also filed and are now pending in the United States District Court for the Eastern District of Pennsylvania. In order to protect its rights there, District No. 9 is filing identical papers in that court as well. In addition, all of the related actions have been referred to the Judicial Panel on Multidistrict Litigation, which is captioned MDL-1879 – *In re Sterling Fin. Corp. Sec. Litig.*

**IV.     CONCLUSION**

      For the foregoing reasons, District No. 9 respectfully requests that this Court consolidate the actions, appoint District No. 9 as Lead Plaintiff and approve its selection of Lead Counsel.

DATED:  July 24, 2007
                              Respectfully submitted,

                              LERACH COUGHLIN STOIA GELLER
                                RUDMAN & ROBBINS LLP
                              SAMUEL H. RUDMAN (SR-7957)
                              DAVID A. ROSENFELD (DR-7564)
                              MARIO ALBA, JR. (MA-7240)

                                         s/ David A. Rosenfeld
                                  DAVID A. ROSENFELD

                              58 South Service Road, Suite 200
                              Melville, NY  11747
                              Telephone:  631/367-7100
                              631/367-1173 (fax)

                              LERACH COUGHLIN STOIA GELLER
                                RUDMAN & ROBBINS LLP
                              DARREN J. ROBBINS
                              RAMZI ABADOU
                              655 West Broadway, Suite 1900
                              San Diego, CA  92101
                              Telephone:  619/231-1058
                              619/231-7423 (fax)

                              [Proposed] Lead Counsel for Plaintiffs

S:\CasesSD\Sterling Financial\BRF00043829-LP-NY.doc

CERTIFICATE OF SERVICE

I hereby certify that on July 24, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I have mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on July 24, 2007.

s/ David A. Rosenfeld
DAVID A. ROSENFELD

LERACH COUGHLIN STOIA GELLER
  RUDMAN & ROBBINS LLP
58 South Service Road, Suite 200
Melville, NY  11747
Telephone:  631/367-7100
631/367-1173 (fax)

E-mail:  drosenfeld@lerachlaw.com

# Mailing Information for a Case 1:07-cv-04108-JGK

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Phillip C. Kim**
  pkim@rosenlegal.com

- **C. William Phillips**
  courtclerksny@cov.com,dmulroy@cov.com,cphillips@cov.com

- **Laurence Matthew Rosen**
  lrosen@rosenlegal.com

- **Ronen Sarraf**
  ronen@sarrafgentile.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)