**KIRBY McINERNEY & SQUIRE LLP**
Ira Press (IP 5313)
830 Third Avenue, 10th Floor
New York, NY 10022
212-371-6600

Additional counsel listed below

Attorneys for the New Mexico Funds

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| STEVE MACRINA, Individually and on Behalf of All Others Similarly Situated,<br><br>　　　　　　　　Plaintiffs,<br><br>vs.<br><br>J. ROGER MOYER, JR., THOMAS DAUTRICH GEORGE W. GRANER, EQUIPMENT FINANCE, LLC, BANK OF LANCASTER, N.A.<br><br>　　　　　　　　Defendants<br><br>　　-and- | Case No. 07-cv-04108 (JGK) |

*additional captions continued on following pages*

---

**THE NEW MEXICO FUNDS' MEMORANDUM OF LAW IN FURTHER SUPPORT OF THEIR MOTION TO APPOINT LEAD PLAINTIFF; APPROVE SELECTION OF LEAD COUNSEL; AND FOR CONSOLIDATION OF RELATED CASES AND IN OPPOSITION TO ALL OTHER COMPETING MOTIONS**

| | |
|---|---|
| BRIAN JOHNSON, Individually and on Behalf of All Others Similarly Situated )<br>)<br>) | |
| Plaintiffs, )<br>) | Case No. 07-cv-04652 (JGK) |
| vs. )<br>) | |
| STERLING FINANCIAL CORPORATION, )<br>J. ROGER MOYER, JR., J. BRADLEY SCOVILL )<br>TITO L. LIMA )<br>) | |
| Defendants ) | |
| -and- ) | |
| _____ ) | |
| CASTLE STRATEGIC TRADING, INC.,<br>Individually and on Behalf of all others Similarly Situated )<br>)<br>) | |
| Plaintiffs ) | Case No. 07-cv-05594 (JGK) |
| vs. )<br>) | |
| J. ROGER MOYER, JR., THOMAS DAUTRICH, )<br>GEORGE W. GRANER, EQUIPMENT FINANCE,)<br>LLC, BANK OF LANCASTER, N.A. ) | |
| Defendants ) | |
| -and- ) | |
| _____ ) | |
| JEFFREY M. COOLEY, Individually and on Behalf of All Others Similarly Situated )<br>) | |
| Plaintiffs ) | Case No. 07-cv-05671 (JGK) |
| vs. ) | |
| STERLING FINANCIAL CORPORATION, ) | |

JR. J. ROGER MOYER, J. BRADLEY SCOVILL, )
TITO L. LIMA                             )
                                         )
                        Defendants       )
                                         )
_____)

On July 24, 2007, the Public Employees Retirement Association of New Mexico and New Mexico Educational Retirement Board (collectively, the "New Mexico Funds") respectfully moved this Court, pursuant to Section 21D of the Securities Exchange Act of 1934 (the "Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), for entry of an Order appointing them as Lead Plaintiff in this litigation and approving their selection of Cauley Bowman Carney & Williams, PLLC as Lead Counsel and Kirby McInerney & Squire, LLP as Liaison Counsel for themselves and the Class they seek to represent.

On that same date, the following entities also filed motions pursuant to Section 21D of the Exchange Act, for entry of an Order appointing themselves as Lead Plaintiff and approving their respective selections as Lead Counsel for the proposed class:

| Movant | Stated Loss in Sterling Securities |
| --- | --- |
| San Antonio Fire & Police | $232,120 |
| City of St. Louis | $161,289 |
| I.A. of M. & A.W. Pension Trust | $94,493 |
| Financial Securities Co. | $25,570 |
| Ronald & Linda Good | $10,305 |
| Castle Strategic Trading | $10,281 |

1

| | |
|---|---|
| Kenneth A. Smith | $7,513 |
| Paul & Regina Miller | $5,288 |

As will be discussed in greater detail throughout this memorandum, none of these movants is the most adequate Plaintiff as defined under the PSLRA and relevant case law.

As shown in the New Mexico Funds' initial Memorandum of Law in Support of Their Motion for Appointment of Lead Plaintiff and Lead Counsel, and as further demonstrated below, the New Mexico Funds are the most adequate plaintiff and offer the class the greatest opportunity to maximize a recovery against defendants. The certifications filed by the New Mexico Funds substantiate losses of $1,274,881.83[1] from their purchase of Sterling Financial securities, while no other movant has lost more than $232,120.00. Thus, the New Mexico Funds have the largest financial interest in the case, and have already exhibited an ability and desire to zealously pursue the matter to maximize recovery for the class. For this reason, this Court should grant the New Mexico Funds' Motion for Appointment of Lead Plaintiff and approve their selection of Lead Counsel, and deny all other motions seeking similar relief.

## FACTUAL BACKGROUND

Sterling Financial Corporation ("Sterling" or the "Company") describes itself as a diversified financial services company offering a full range of banking services. Through its affiliates, Sterling also offers insurance services and correspondent banking services to other companies within the

---

[1] Upon further review, the New Mexico Funds have discovered that their losses during the proposed class period actually total $1,388,236.82, an amount which to an even greater degree dwarfs the more meager damages experienced by the other movants. In connection with these augmented losses, the New Mexico Funds have today submitted a revised affidavit on behalf of the Attorney General of New Mexico, supplemental certifications pursuant to the PSLRA, and updated charts detailing their losses in Sterling securities. These documents are attached, respectively, as Exhibits one through three to the affidavit of Ira M. Press.

financial services industry. Sterling is a publicly traded company that lists its shares on the NASDAQ stock market under the symbol "SLFI." During the period from April 27, 2004 through May 24, 2007, inclusive (the "Class Period"), Sterling materially misled the investing public thereby inflating the price of Sterling's securities by publicly issuing false and misleading statements and omitting to disclose material facts necessary to make Sterling's statements, as set forth herein, not false and misleading. Throughout the Class Period, each defendant knew or recklessly disregarded that Sterling's true earnings were not as represented in those reports, releases and statements, because in order to generate the appearance of prospering performance and favorable financial results, defendants – among other things – had to, and did, violate GAAP. As a result of defendants' false and misleading statements, the Company's shares were traded at artificially inflated prices, causing damage to the New Mexico Funds and the other members of the Class when the Company revealed that the Company's previously filed financial statements for the periods 2004 through 2006 were no longer to be relied upon and would be restated.

The New Mexico Funds have suffered losses of $1,274,881.83 from purchases of Sterling's common stock during the Class Period, which is far and away the largest financial loss of any party seeking to be appointed lead plaintiff. In fact, all other movants *combined* have a smaller loss than the New Mexico Funds standing alone.

## ARGUMENT

### I.  THE NEW MEXICO FUNDS ARE PRESUMED TO BE THE MOST ADEQUATE PLAINTIFF

The PSLRA provides that the Court shall appoint as lead plaintiff the member or members of the proposed class that the Court determines to be the "most adequate plaintiff." §21D(a)(3)(B),

15 U.S.C. §78u-4(a)(3)(A)(B). In determining the "most adequate plaintiff," the PSLRA dictates that:

> [T]he court shall adopt a presumption that the most adequate plaintiff in any private action arising under this title is the person or group of persons that -
>
> (aa)  has either filed the complaint or made a motion in response to a notice under subparagraph (A)(I);
>
> (bb)  in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc)  otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

*Id.* As related in the New Mexico Funds' initial Memorandum and as further detailed herein, the New Mexico Funds are entitled to the presumption that they are the "most adequate plaintiff" to represent the class pursuant to the PSLRA because they meet all of the PSLRA's requirements in the determination of the "most adequate plaintiff."

First, the New Mexico Funds have timely moved to be appointed Lead Plaintiff in response to a notice issued under the PSLRA. Second, the New Mexico Funds have the largest financial interest of any movant for lead plaintiff. Third, the New Mexico Funds otherwise satisfy the requirements of Fed. R. Civ. P. 23.

### 1. The New Mexico Funds Have A Significant Financial Interest In The Relief Sought By The Class

During the Class Period, the New Mexico Funds purchased Sterling common stock and have suffered estimated losses of $1,274,881.83 as a result of defendants' misconduct. The other movants for Lead Plaintiff have each sustained significantly smaller losses.

The PSLRA does not delineate a procedure for determining the "largest financial interest"

4

among the proposed class members. To help guide this analysis, a four-factor inquiry was developed by the district court in *Lax v. First Merchs. Acceptance Corp.*, 1997 WL 461036, *5 (N.D. Ill. Aug. 11, 1997), and recognized in both *In re Olsten Corp. Sec. Litig.*, 3 F. Supp. 2d 286, 295 (E.D.N.Y. 1998) and *In re Nice Sec. Litig.*, 188 F.R.D. 206, 217 (D.N.J. 1999). The four factors relevant to the inquiry are: (1) the number of shares purchased; (2) the number of net shares purchased; (3) the total net funds expended by the plaintiffs during the class period; and (4) the approximate losses suffered by the plaintiffs. *Id.* As shown by the various moving papers before the Court, the New Mexico Funds prevail over all other movants on each of these four criteria.

The purpose of the PSLRA's consideration of a putative lead plaintiff's damages is to ensure that the lead plaintiff has incentive to maximize recovery. The New Mexico Funds have the largest financial stake as among the eight putative lead plaintiffs and have the most incentive to prosecute the case to maximize both their own and the class's recovery.

### 2. The New Mexico Funds Otherwise Satisfy Rule 23

The New Mexico Funds otherwise satisfy Rule 23[2] because, like other class members, they purchased Sterling common stock on the open market during the class period at prices artificially inflated by the materially false and misleading statements issued by the defendants, and were

---

[2] Rule 23(a) provides that a party may serve as a class representative only if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).

damaged as a result. Thus, their claims are typical, if not identical, to those of the other members of the class. The New Mexico Funds are also adequate representatives of the class as their interests are clearly aligned with the other members of the class. The New Mexico Funds share numerous common questions of law and fact with the other members of the class, and their claims are typical of other claims. Furthermore, the New Mexico Funds have already taken significant steps which demonstrate that they have and will protect the interests of the class; they have timely sought to participate as the lead plaintiff for the class, and have retained competent and experienced counsel to prosecute their claims. Thus, the New Mexico Funds satisfy the typicality (Rule 23(a)(3)) and adequacy (Rule 23(a)(4)) requirements of Rule 23 of the Federal Rules of Civil Procedure.

### 3. Counsel Selected By The New Mexico Funds Is Well Qualified And Should Be Approved

The New Mexico Funds selected the law firms of Cauley Bowman Carney & Williams, PLLC ("Cauley Bowman") as Lead Counsel and Kirby McInerney & Squire, LLP as Liaison Counsel to represent them in this litigation. The Court should not disturb the lead plaintiff's choice of counsel unless necessary to "protect the interests of the class." 15 U.S.C. §78u-4(a)(3)(B)(iii)(II)(AA).

Not only is there no reason for this Court to disturb the New Mexico Funds' choice of counsel, but the appointment of Cauley Bowman as Lead Counsel in this litigation will substantially further the interests of the Class.[3] Cauley Bowman is a nationally recognized law firm that concentrates its practice in complex litigation and, particularly, in the representation of investors and consumers in class action litigation. The firm has substantial experience in the prosecution of

---

[3] *See* Cauley Bowman resume attached at Exhibit 6 to July 24, 2007 declaration of Ira M. Press.

6

securities class actions, and serves as co-lead counsel in numerous shareholder securities class actions. Cauley Bowman lawyers have achieved substantial recoveries for aggrieved investors in class action lawsuits prosecuted in federal and state courts throughout the United States. If this Court grants the New Mexico Funds' Motion for Appointment of Lead Plaintiff and approves their selection of Cauley Bowman as Lead Counsel, this Court can be certain that the Class will receive the highest quality of legal representation.

## II.    NO OTHER LEAD PLAINTIFF MOVANT IS THE MOST ADEQUATE PLAINTIFF

No other movant has a financial interest in prosecuting this action against Sterling even approaching the stake of the New Mexico Funds. After the New Mexico Funds, the movant with the nearest financial interest has losses totaling less than 20 percent of those suffered by the New Mexico Funds. In fact, all of the other movants' losses combined are still less than that incurred by the New Mexico Funds. As such, only the New Mexico Funds have a "significant holding" in Sterling sufficient to make them an adequate plaintiff as required by the PSLRA.

## CONCLUSION

For the foregoing reasons, movants respectfully request that this Court (1) appoint the New Mexico Funds as lead plaintiff in these actions and any subsequently-filed related actions; (2) approve their selection of the law firms of Cauley Bowman Carney & Williams, PLLC as Lead Counsel and Kirby McInerney & Squire, LLP as Liaison Counsel for the class; and (3) consolidate these and all similar actions presently filed or to be filed against defendants for all purposes, including trial.

Dated: August 7, 2007.                   Respectfully submitted,

**KIRBY McINERNEY & SQUIRE, LLP**

s/ Ira Press
Ira M. Press (IP 5313)
830 Third Avenue, 10th Floor
New York, NY 10022
212-371-6600

**Proposed Liaison Counsel**

**CAULEY BOWMAN CARNEY & WILLIAMS, PLLC**
J. Allen Carney
Darrin L. Williams
P. O. Box 25438
Little Rock, AR 72221
501-312-8500

**Proposed Lead Counsel**

8