UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| STEVE MACRINA, Individually and On Behalf of All Others Similarly Situated,<br><br>    Plaintiff,<br><br>    v.<br><br>J. ROGER MOYER, JR., THOMAS DAUTRICH, GEORGE W. GRANER, EQUIPMENT FINANCE, LLC, and BANK OF LANCASTER, N.A.,<br><br>    Defendants. | No. 07 Civ. 4108 (JGK) |
| BRIAN JOHNSON, Individually and On Behalf of All Others Similarly Situated,<br><br>    Plaintiff,<br><br>    v.<br><br>STERLING FINANCIAL CORP., J. ROGER MOYER, JR., J. BRADLEY SCOVILL, and TITO L. LIMA,<br><br>    Defendants. | No. 07 Civ. 4652 (JGK) |
| CASTLE STRATEGIC TRADING, LLC, Individually and On Behalf of All Others Similarly Situated,<br><br>    Plaintiff,<br><br>    v.<br><br>J. ROGER MOYER, JR., THOMAS DAUTRICH, GEORGE W. GRANER, EQUIPMENT FINANCE, LLC, and BANK OF LANCASTER, N.A.,<br><br>    Defendants. | No. 07 Civ. 5594 (JGK) |
| JEFFREY M. COOLEY, Individually and On Behalf of All Others Similarly Situated,<br><br>    Plaintiff,<br><br>    v.<br><br>STERLING FINANCIAL CORP., J. ROGER MOYER, JR., J. BRADLEY SCOVILL, and TITO L. LIMA,<br><br>    Defendants. | No. 07 Civ. 5671 (JGK) |

**MEMORANDUM OF LAW IN FURTHER SUPPORT OF THE MOTION OF KENNETH A. SMITH FOR APPOINTMENT AS LEAD PLAINTIFF AND IN OPPOSITION TO THE COMPETING MOTIONS OF PAUL AND REGINA MILLER, CASTLE STRATEGIC TRADING, LLC, AND THE NEW MEXICO FUNDS**

## I.     INTRODUCTION

Kenneth A. Smith ("Smith") respectfully submits this memorandum of law in further support of his motion for appointment as lead plaintiff, appointment of lead counsel, and consolidation of related actions, and in opposition to the competing motions of Paul and Regina Miller, Castle Strategic Trading, LLC, and the New Mexico Funds.[1] Smith seeks to represent himself and all others similarly situated who, between April 27, 2004 and May 25, 2007, inclusive (the "Class Period"), purchased or otherwise acquired securities of Sterling Financial Corp. (hereinafter "Sterling Financial" or the "Company").  Smith also seeks appointment of the law firm of Cohen, Milstein, Hausfeld & Toll, P.L.L.C. ("Cohen Milstein") as Lead Counsel and the consolidation of all related actions.

Smith timely filed his motion for appointment as lead plaintiff on July 24, 2007. Of the six other movants who filed competing motions, three remain: Paul and Regina Miller (the "Miller Group"), Castle Strategic Trading, LLC ("Castle"), and the New Mexico Funds. Smith's losses exceed those of the Miller Group, and Smith is therefore a presumptively more adequate lead plaintiff. Smith stands ready to serve as the sole lead plaintiff in this action should the Court find reason to disqualify Castle or the New Mexico Funds because their representation of the Class would give rise to unique defenses or because they are otherwise inadequate. If the Court selects one of these institutions to serve as a lead plaintiff, however, the Court should, in its

---

[1] On August 6, 2007, the Sterling Investor Group withdrew its motion for appointment as lead plaintiff (Docket Entry No. 28). Likewise, District No. 9, I.A. of M. & A.W. Pension Trust and the San Antonio and St. Louis Funds withdrew their motions for appointment as lead plaintiff on August 7, 2007 (Docket Entry Nos. 29 and 30).

discretion, appoint Smith as Co-Lead Plaintiff in order to adequately protect the diverse interests of Class members.

## II.   ARGUMENT

### A.   The Legal Requirements Under the PSLRA

The PSLRA sets forth procedures for the selection of a lead plaintiff in class actions brought under the Securities Act. 15 U.S.C. § 78u-4(a)(1). The PSLRA requires the court to consider all motions made by purported class members seeking appointment and to determine the "member *or members* of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members." 15 U.S.C. § 78u-4(a)(3)(B)(i) (emphasis added).

In determining the motion, the Court must adopt a presumption that the most adequate plaintiff is the person or group of persons who "has the largest financial interest in the relief sought by the class" and who otherwise satisfies the requirements of Fed. R. Civ. P. 23. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). This presumption is rebuttable, however, upon proof that the presumptively most adequate plaintiff "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

### B.   Excluding Castle and the New Mexico Funds, Smith is Presumptively the Most Adequate Plaintiff

Excluding Castle and the New Mexico Funds, Smith and the Miller Group are the only remaining movants. Smith's losses are approximately $5.998.00. Nowhere in its motion papers does the Miller Group specify its losses. The Miller Group does submit that it purchased 594.74 shares of Sterling Financial stock for a total cash outlay of $11,724.00. *See* Memorandum of Law In Support of Motion for Consolidation, Appointment of Lead Plaintiff, and Approval of

Selection of Lead Counsel, at 4 (Docket Entry No. 12). Multiplying the number of shares held by a 90-day loss figure[2] of $10.67, as of July 24, 2007, yields a loss of $5,378.12. Movant Smith, whose losses are greater, is thus a presumptively more adequate plaintiff than the Miller Group. Accordingly, should the Court find Castle and the New Mexico Funds inadequate in any way, Smith should be appointed Lead Plaintiff and Cohen Milstein should be appointed Lead Counsel.

### C.     Alternatively, the Court Should Appoint Smith Co-Lead Plaintiff

Both Castle Strategic Trading, LLC, and the New Mexico Funds – which claim losses of $10,271.00 and $1,274,881.83, respectively – have greater losses than Smith, and are therefore presumptively more adequate than Smith. The PSLRA expressly authorizes the Court to appoint as lead plaintiff the "member *or members*" of the plaintiff class who can most adequately represent the Class. 15 U.S.C. § 78u-4(a)(3)(B)(i) (emphasis added). Unless the Court finds both of the two institutional movants inadequate, it should appoint both an individual and institution as co-lead plaintiffs in order to represent as diverse a range of interests as possible. This is a matter within the Court's discretion and is especially appropriate here given that Sterling Financial's stock is so heavily held by individuals. Approximately 78.9% of the Company's shares are held by individuals. Thus, a mere 21.1% of the Company's stock is institutionally-owned.[3] Indeed, the percentage of Sterling Financial's shares owned by institutions is very small for a publicly-held company. The most recent data shows that institutional investors own

---

[2]     Pursuant to the PSLRA, a plaintiff's loss is the difference between the purchase price paid and "the mean trading price of [a] security during the 90-day period beginning on the date on which the information correcting the misstatement or omission that is the basis for the action is disseminated to the market." 15 U.S.C. § 78u-4(e)(1). Since the 90-day period has not yet expired, the $10.67 figure used above is the average price of Sterling Financial common stock from the end of the Class Period through July 24, 2007, the date the lead plaintiff motions were filed and the date used by all other movants to calculate their losses.

[3]     *See* http://finance.yahoo.com/q/ks?s=SLFI.

4

approximately 61.2% of U.S. equities.[4] Because approximately 78.9% of Sterling Financial's shares are held by individuals, it is important that an individual be included as one of the lead plaintiffs. Appointment of an individual investor will balance the interests directing this litigation.

Courts have recognized the advantages of appointing an institution and individual as co-lead plaintiffs. Doing so ensures adequate representation in both the prosecution of an action and in the negotiation and approval of a fair settlement. *In re Oxford Health Plans, Inc. Sec. Litig.*, 182 F.R.D. 42, 49 (S.D.N.Y. 1998). Doing so also allows an institution and individual to pool resources and experience to mount as effective a prosecution as possible. *Id.* As a couple, "the lead plaintiffs will represent a broader range of shareholder interests than if the Court appointed an individual or an institutional investor alone." *Yousefi v. Lockheed Martin Corp.*, 70 F. Supp. 2d 1061, 1071 (C.D. Cal. 1999) (citing *In re Oxford Health Plans*, 182 F.R.D. at 47). Each brings a unique perspective to the table. *Laborers Local 1268 Pension Fund v. Campbell Soup Co.*, No. 00-152 (JEI), 2000 U.S. Dist. LEXIS 5481, at *11 (D.N.J. 2000) (citing *In re Oxford Health Plans*, 182 F.R.D. at 51).

Indeed, courts have regularly recognized the benefits of such a lead plaintiff structure. Appointing both an individual and institution guarantees that *all* class members are adequately represented. *In re Cable & Wireless, PLC Sec. Litig.*, 217 F.R.D. 372, 376 (E.D. Va. 2003); *Weisz v. Calpine Corp.*, No. C 02-1200 SBA, 2002 U.S. Dist. LEXIS 27831, at *30 (N.D. Cal. Aug. 15, 2002). *See also Malasky v. IAC/InteractiveCorp*, No. 04 Civ. 7447 (RJH), 2004 U.S. Dist. LEXIS 25832, at *13 (S.D.N.Y. Dec. 20, 2004) (appointing an institution and individual

---

[4] Press Release, The Conference Board, U.S. Institutional Investors Continue to Boost Ownership of U.S. Corporations (Jan. 22, 2007) *(available at* http://www.conference-board.org/utilities/pressDetail.cfm?press_ID=3046).

as co-lead plaintiffs to ensure adequate monitoring of counsel); *Tice v. Novastar Fin.*, No. 04-0330-CV-W-ODS, 2004 U.S. Dist. LEXIS 16800, at *28 (W.D. Mo. Aug. 23, 2004) (appointing an institution and individual as co-lead plaintiffs to reconcile factual differences regarding plaintiffs' reliance).

Because an individual and institution, serving jointly as class representatives, will more adequately represent the diverse interests of the plaintiff class in this litigation, the Court should appoint Smith and either Castle or the New Mexico Funds as Co-Lead Plaintiffs.[5]

## III. CONCLUSION

For the foregoing reasons, Smith respectfully requests that the Court appoint him as Lead or Co-Lead Plaintiff and Cohen Milstein as Lead or Co-Lead Counsel.

---

[5] In addition, the law firms which represent the two institutional movants are both fairly small. According to their websites, the Cauley Bowman firm has only eleven lawyers, and Stull Stull & Brody has only fifteen. Appointing Smith's counsel, Cohen Milstein, as Co-Lead Counsel would be a substantial benefit to the Class and would not increase the legal fees the Class will incur, which would ultimately be approved by the Court. Cohen Milstein is one of the largest plaintiffs' firms in the country with the personnel, financial resources, and legal experience required to litigate this case.

6

Dated: August 10, 2007                         Respectfully submitted,

                                                            COHEN, MILSTEIN, HAUSFELD
                                                            & TOLL, P.L.L.C.

                                                              /s/   Catherine A. Torell
                                                            Catherine A. Torell (CT-0905)
                                                            150 East 52nd Street, Thirtieth Floor
                                                            New York, New York 10022
                                                           Telephone: (212) 838-7797
                                                           Facsimile: (212) 838-7745

                                                                      - and -

                                                           Steven J. Toll
                                                           Daniel S. Sommers
                                                           S. Douglas Bunch
                                                           1100 New York Avenue, N.W.
                                                           West Tower, Suite 500
                                                           Washington, DC  20005-3964
                                                           Telephone: (202) 408-4600
                                                           Facsimile: (202) 408-4699

                                                           ***Attorneys for Kenneth A. Smith and***
                                                           ***Proposed Lead Counsel for the Class***