KIRBY McINERNEY & SQUIRE LLP
Ira Press (IP 5313)
830 Third Avenue, 10th Floor
New York, NY 10022
212-371-6600

Additional counsel listed below

Attorneys for the New Mexico Funds

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| STEVE MACRINA, Individually and on Behalf of  All Others Similarly Situated,  )  )  )  Plaintiffs,  )  )  vs.  )  )  J. ROGER MOYER, JR., THOMAS DAUTRICH  )  GEORGE W. GRANER, EQUIPMENT FINANCE,)  LLC, BANK OF LANCASTER, N.A.  )  )  Defendants  )  )  -and-  )  )  _____ ) | Case No. 07-cv-04108 (JGK) |

*additional captions continued on following pages*

---

## THE NEW MEXICO FUNDS' REPLY BRIEF IN FURTHER SUPPORT OF MOTION FOR APPOINTMENT AS LEAD PLAINTIFF, APPROVAL OF SELECTION OF COUNSEL, AND CONSOLIDATION OF ALL RELATED CASES

---

BRIAN JOHNSON, Individually and on Behalf of )
All Others Similarly Situated )
                                              )
                                              )
                        Plaintiffs,           )
                                              )      Case No. 07-cv-04652 (JGK)
                                              )
            vs.                               )
                                              )
STERLING FINANCIAL CORPORATION,               )
J. ROGER MOYER, JR., J. BRADLEY SCOVILL )
TITO L. LIMA                                  )
                                              )
                        Defendants            )
                                              )
            -and-                             )
                                              )
_____ )
                                              )
CASTLE STRATEGIC TRADING, INC.,               )
Individually and on Behalf of all others Similarly )
Situated                                      )
                        Plaintiffs            )
                                              )      Case No. 07-cv-05594 (JGK)
                                              )
                                              )
                                              )
            vs.                               )
                                              )
J. ROGER MOYER, JR., THOMAS DAUTRICH, )
GEORGE W. GRANER, EQUIPMENT FINANCE,)
LLC, BANK OF LANCASTER, N.A.                  )
                                              )
                        Defendants            )
                                              )
            -and-                             )
                                              )
_____ )
                                              )
JEFFREY M. COOLEY, Individually and on        )
Behalf of All Others Similarly Situated       )
                                              )
                        Plaintiffs            )
                                              )      Case No. 07-cv-05671 (JGK)
            vs.                               )
                                              )

STERLING FINANCIAL CORPORATION,    )
JR.  J. ROGER MOYER, J. BRADLEY SCOVILL, )
TITO L. LIMA                       )
                                   )
                    Defendants     )
_____ )

## I.    INTRODUCTION

Seven motions by investors[1] in Sterling Financial Corporation ("Sterling") are presently pending before this court seeking appointment, pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), as lead plaintiff for a class of Sterling investors during the period from April 27, 2004 through May 24, 2007, inclusive (the "Class Period").   With losses totaling $1,388,236.82, the Public Employees Retirement Association of New Mexico ("PERA") and the New Mexico Educational Retirement Board ("ERB")(collectively referred to hereinafter as the "New Mexico Funds") qualify as the movants with the largest financial losses in this action (the "Action" or "Litigation"), and, therefore, are the presumptive lead plaintiff.

Indeed, five of the movants competing for lead plaintiff filed responses conceding that the New Mexico Funds possess the largest financial interest in this Action.  The remaining movant, Castle Strategic Trading, LLC ("Castle Trading"), however, simply disregards the fact that the New Mexico Funds' losses significantly exceed Castle Trading's losses by a staggering $1,377,965.82.

---

[1]    These competing movants and their claimed losses are: (1) Paul A. and Regina A. Miller ($5,288); (2) Castle Strategic Trading, LLC ($10,271); (3) Kenneth A. Smith ($5,998); (4) Public Employees Retirement Association of New Mexico and the New Mexico Educational Retirement Board ($1,274,881.83); (5) Financial Securities Co. and Ronald and Linda Good ($35,875); (6) San Antonio Fire and Police Pension Fund and the Employees Retirement System of the City of St. Louis ($393,409); and (7) Dist. No. 9, I.A. of M. & A.W. Pension Trust ($94,493).

Instead, Castle Trading erroneously surmises that PERA's certification is incomplete because PERA omitted the action styled *In re American International Group. Inc. Securities Litigation*, No. 04-cv-8141 (S.D.N.Y.), as a case in which it initially moved for appointment as lead plaintiff. However, as revealed herein, PERA did not list the case *In re AIG Inc. Sec. Litig.* in its certification because it did not initially submit an application for appointment as lead plaintiff nor was it ever appointed as lead plaintiff in that case, facts easily ascertained upon a more than cursory investigation. Thus, Castle Trading's assertion is not only incorrect but it is disingenuous, raising serious concerns about Castle Trading's ability to adequately represent the best interests of the putative Class.

Consequently, the New Mexico Funds, sophisticated institutional investors with the largest viable financial interest in the outcome of the litigation and the resources and experience necessary to effectively prosecute this action on behalf of the class, are the most adequate plaintiffs to fairly and adequately represent the interests of the class members, and therefore should be appointed as lead plaintiff.

## II.    ARGUMENT

### A.    The New Mexico Funds' Certification

With regard to plaintiff certifications, the PSLRA provides as follows:

Each plaintiff seeking to serve as a representative party on behalf of a class shall provide a sworn certification, which shall be personally signed by such plaintiff and filed with the complaint, that --"

(i) states that the plaintiff has reviewed the complaint and authorized its filing;
(ii) states that the plaintiff did not purchase the security that is the subject of the complaint at the direction of plaintiff's counsel or in order to participate in any private action arising under this title [15 USCS §§ 78a et seq.];
(iii) states that the plaintiff is willing to serve as a representative party on behalf of a class, including providing testimony at deposition and trial, if necessary;

2

(iv) sets forth all of the transactions of the plaintiff in the security that is the
subject of the complaint during the class period specified in the complaint;
(v) identifies any other action under this title [15 USCS §§ 78a et seq.], filed
during the 3-year period preceding the date on which the certification is
signed by the plaintiff, in which the plaintiff has sought to serve as a
representative party on behalf of a class; and
(vi) states that the plaintiff will not accept any payment for serving as a
representative party on behalf of a class beyond the plaintiff's pro rata share
of any recovery, except as ordered or approved by the court in accordance
with paragraph (4).

15 U.S.C. §78u-4(a)(2)(A). "This information is required so that the court may be assured that the

named plaintiff has suffered more than a nominal loss, is not a professional plaintiff, and is otherwise

interested and able to serve as a class representative." *In re USEC Sec. Litig.*, 168 F. Supp. 2d 560,

564 (D. Md. 2001). The New Mexico Funds' certifications easily meet these requirements.

**1.    PERA's Disclosures Concerning Its Role In Serving As Lead Plaintiff or Seeking Appointment As Lead Plaintiff Are Sufficient**

PERA's certification provides the following information with regards to its role in serving

as lead plaintiff or seeking appointment as lead plaintiff in actions involving the federal securities

laws:

6.    The PERA has been appointed to serve as a representative party for a class
in the following actions under the federal securities laws within the past three
years: In re BISYS Securities Litigation and St. Paul Travelers Securities
Litigation.

7.    The PERA initially sought to serve as a representative party for a class in the
following actions under the federal securities laws, but either withdrew its
application or its application was denied in favor of others investors with
more significant losses: Royal Dutch/Shell Securities Litigation and In re
Hansen Natural Corporation Securities Litigation.

Despite the foregoing disclosures, Castle Trading argues that PERA's certification is

deficient. To be more specific, in its memorandum of law in further support of its motion for

appointment as lead plaintiff and in opposition to all other lead plaintiff motions ("Castle Trading

Memorandum"), Castle Trading states that it conducted an investigation that revealed that while the order appointing lead plaintiff in the action styled in *In re AIG Inc. Sec. Litig.* did not appoint PERA as a lead plaintiff, the docket sheet in that case lists them as a lead plaintiff in the action. Castle Trading Memorandum at 3.    Based on these findings, Castle Trading asserts that PERA's certification in the present case is defective because it does not indicate that PERA sought to serve as lead plaintiff in that action. *Id.* at 4. However, further review of the facts involved in the AIG case, as set forth below, demonstrate that PERA neither (1) served as lead plaintiff, (2) initially moved to serve as lead plaintiff, nor (3) had its application withdrawn or denied. Accordingly, Castle Trading's investigation was cursory at best, and its arguments unavailing.

By way of explanation, on February 7, 2005, the Ohio Public Employees Retirement System, the State Teachers Retirement System of Ohio, and the Ohio Police and Fire Pension Fund (collectively the "Ohio Funds"), with stated losses of nearly $73 million, were appointed as lead plaintiffs in *In re AIG* for a class of purchasers of AIG securities between October 28, 1999 and October 14, 2004. *See* Ex. 1, attached hereto.   By separate order of the same date (the "Consolidation Order"), the court consolidated all related actions under Master File No. 04 Civ. 8141 (the "Consolidated Action"). The Consolidation Order required the Lead Plaintiff, *i.e.* the Ohio Funds, to file a Consolidated Amended Complaint by April 8, 2005, a deadline which was later extended to May 6, 2005. In accord therewith, the Ohio Funds filed a Consolidated Amended Class Action Complaint ("First Amended Complaint") on April 19, 2005, which included allegations that AIG artificially inflated its earnings by (1) participating in an illegal bid-rigging scheme with, and paying "contingent commissions" to, Marsh & McLennan, and (2) improperly accounting for certain of its reinsurance transactions.

4

Despite the inclusion of allegations concerning AIG's reinsurance transactions in the First Amended Complaint, the San Francisco Employees' Retirement System ("San Francisco") filed a purportedly "new" class action complaint against AIG on May 16, 2005 based solely on allegations concerning AIG's reinsurance transactions. That same day, San Francisco published notice of the "new" class action and the right to seek appointment as lead plaintiff with respect to the "new" class action. Because the reality was that the claims asserted by San Francisco were not "new" at all but were based on allegations contained in the First Amended Complaint, the Ohio Funds opposed the San Francisco's attempt to carve out a "new" case and moved for declaratory relief that further litigation regarding the appointment of lead plaintiff was unnecessary and that the Ohio Funds, as court-appointed Lead Plaintiff in the Consolidated Action, represented the putative Class with regard to all claims. Alternatively, the Ohio Funds proposed that should the Court deem it necessary to reopen the lead plaintiff application process, PERA, with losses totaling over $14 million, should serve as co-lead plaintiff with respect to the new claims.

By order dated June 23, 2005, the court in AIG consolidated, for all purposes, the San Francisco action with the Consolidated Action. Subsequently, by order dated July 17, 2005, the court denied the San Francisco's request to reopen the lead plaintiff application process and entered an order declaring the Ohio Funds as lead plaintiff for the putative Class with regard to all claims. In doing so, the court never reached the merits of those motions proposing new class members' as lead plaintiff. Accordingly, the inclusion of PERA as a lead plaintiff on the AIG docket sheet is a docketing error. Thus, PERA's disclosures are sufficient to meet the basic requirements of the PSLRA.

With that much understood, it bears emphasis that the contradictory facts "uncovered" by Castle Trading warranted a further review of the details involved in the AIG case. However, either no such follow up was conducted by Castle Trading, or Castle Trading intentionally misled the Court. Either way, the fact remains that the court in AIG did not reopen the lead plaintiff application process. Accordingly, the court never considered the Ohio Funds' motion to add PERA as a co-lead plaintiff, nor did the court ever even evaluate the qualifications of PERA.[2]

In sum, PERA did not serve as lead plaintiff in the AIG case; PERA did not initially move for lead plaintiff in the AIG case; nor did PERA withdrew an application or have its application denied in favor of other investors with more significant losses in the AIG case. Consequently, PERA submits that it was not obligated to list the AIG case in either paragraph 6 or 7 of its certification.[3]

### 2.    The New Mexico Funds' Signed Certifications Satisfy the Requirements of the PSLRA

The New Mexico Funds are pension funds that are directed by the Attorney General's office for the State of New Mexico. In this regard, both certifications submitted by the New Mexico Funds were personally signed by a representative of the Attorney General's office. Moreover, they

---

[2]     Thus, while the exclusion of the AIG case from PERA's certification does not rebut the presumption in favor of the New Mexico Funds, Castle Trading's representations with regard to the AIG case do raise serious concerns with regard to Castle Trading's ability to adequately represent the putative Class.

[3]     In any event, PERA's purported involvement in the AIG case does not rebut the presumption of adequacy because the New Mexico Funds have not sought to serve or served as a representative party in **more** than five class actions in the past three years. *See* 15 U.S.C. § 78u-4(a)(3)(vi). In this same vein, Castle Trading's argument that the New Mexico Funds' role as lead plaintiff in two other cases weighs against their ability to adequately protect the interest of the Class must fail. Indeed, this position is clearly not supported by the PSLRA. Alternatively, should the court determine that PERA's certification is defective because it omitted to include the AIG case and therefore disqualified from the lead plaintiff application process, ERB should be appointed sole lead plaintiff as it has the largest financial interest, with losses totaling $633,909.32, and otherwise satisfies the requirements of the PSLRA.

6

provided sufficient information to demonstrate that the New Mexico Funds suffered more than a nominal loss, that they are not professional plaintiffs, and that they are otherwise interested and able to serve as a class representative.

Nevertheless, Castle Trading challenges the validity of the New Mexico Funds' certifications based on the fact that they were signed by Zachary Shandler, Assistant Attorney General, for Gary King, Attorney General, rather than by Mr. King himself. Castle Trading Memorandum at 4. However, this argument is unpersuasive. Rather, as noted above, the certifications were personally signed by a designee of the client and otherwise satisfy the requirements of the PSLRA. Clearly, this is not the type of plaintiff Congress intended to bar. Moreover, Castle Trading has provided no authority to support its proposition that an institutional investor's supporting certification must be signed by one designee over another.

**B.      The New Mexico Funds Are the Most Adequate Plaintiff and Will Fairly and Adequately Represent the Interests of the Class**

As set forth in the New Mexico Funds' Motion for Appointment as Lead Plaintiff and accompanying exhibits, the New Mexico Funds, sophisticated, experienced institutional investors, have made the requisite showing required by the PSLRA that their interest are clearly aligned with those of the proposed class. In addition, the New Mexico Funds have suffered the largest viable loss, making it the most adequate plaintiff to lead this litigation, and have demonstrated their desire to fairly and adequately represent the interests of the proposed class. What is more, the New Mexico Funds are not subject to any unique defenses, such as being an "in-and-out trader." Furthermore, the New Mexico Funds have selected experienced counsel that will fairly and adequately prosecute this lawsuit, thereby protecting the interest of the proposed class. As such, the New Mexico Funds are fully capable of protecting the interest of the putative Class. Accordingly, the New Mexico Funds'

7

Motion for Appointment as Lead Plaintiff should be granted and Mr. Smith's request to serve as co-lead plaintiff should be denied.[4]

## III.     CONCLUSION

Based on the foregoing, this Court should grant the New Mexico Funds' Motion for Appointment as Lead Plaintiff.

Dated: August 14, 2007.                    Respectfully submitted,

**KIRBY McIRNERY & SQUIRE**

_____
Ira Press (IP5313)
830 Third Avenue, 10th Floor
New York, NY 10022
212-371-6600

**Proposed Liaison Counsel**

**CAULEY BOWMAN CARNEY & WILLIAMS, PLLC**
J. Allen Carney
Darrin L. Williams
Randall K. Pulliam
P. O. Box 25438
Little Rock, AR 72221
501-312-8500
501-312-8505

**Proposed Lead Counsel**

---

[4]     Notably, Mr. Smith's memorandum of law concedes that the New Mexico Funds are "presumptively more adequate than Smith." Smith Memorandum at 4.