UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| STEVE MACRINA, Individually And On Behalf Of All Others Similarly Situated,<br><br>                     Plaintiff,<br><br>vs.<br><br>J. ROGER MOYER, JR., THOMAS DAUTRICH, GEORGE W. GRANER, EQUIPMENT FINANCE, LLC and BANK OF LANCASTER, N.A.,<br><br>                     Defendants. | Civil Action No. 07cv4108 (JGK)<br><br><u>CLASS ACTION</u><br><br>ECF CASE |

[Additional Captions Below]

**REPLY MEMORANDUM OF LAW IN RESPONSE TO OPPOSITIONS OF KENNETH A. SMITH AND THE PUBLIC EMPLOYEES RETIREMENT ASSOCIATION OF NEW MEXICO AND IN SUPPORT OF THE MOTION OF CASTLE STRATEGIC TRADING, INC. TO BE APPOINTED LEAD PLAINTIFF <u>AND FOR APPROVAL OF ITS SELECTION OF LEAD COUNSEL</u>**

| | |
|---|---|
| BRIAN JOHNSON, Individually And On Behalf Of All Others Similarly Situated,<br><br>　　　　　　　　Plaintiff,<br><br>　vs.<br><br>STERLING FINANCIAL CORP., J. ROGER MOYER, JR., J. BRADLEY SCOVILL and TITO L. LIMA,<br><br>　　　　　　　　Defendants. | Civil Action No. 07cv4652 (JGK) |
| CASTLE STRATEGIC TRADING, INC., Individually And On Behalf Of All Others Similarly Situated,<br><br>　　　　　　　　Plaintiff,<br><br>　vs.<br><br>J. ROGER MOYER, JR., THOMAS DAUTRICH, GEORGE W. GRANER, EQUIPMENT FINANCE, LLC and BANK OF LANCASTER, N.A.,<br><br>　　　　　　　　Defendants. | Civil Action No. 07cv5594 (JGK) |
| JEFFREY M. COOLEY, Individually And On Behalf Of All Others Similarly Situated,<br><br>　　　　　　　　Plaintiff,<br><br>　vs.<br><br>STERLING FINANCIAL CORP., J. ROGER MOYER, JR., J. BRADLEY SCOVILL and TITO L. LIMA,<br><br>　　　　　　　　Defendants. | Civil Action No. 07cv5671 (JGK) |

Castle Strategic Trading, LLC ("Castle"), a movant to be appointed lead plaintiff in this case, respectfully submits this reply memorandum in support of its motion to be appointed lead plaintiff and in response to the oppositions of Kenneth A. Smith ("Smith") and the Public Employees Retirement Association of New Mexico ("New Mexico"). Castle is an institutional investor which suffered losses of $10,281.17 in connection with purchases of shares of Sterling Financial Corporation ("Sterling") during the proposed class period between April 27, 2004 and May 24, 2007, inclusive (the "Class Period").  Another movant, Kenneth A. Smith, an individual investor who estimates his losses in Sterling securities at $5,998, is unable to find a way to attack Castle's motion on the merits and instead attempts to succeed by impugning counsel for other movants, including Castle and New Mexico.  Smith, claiming that his counsel, Cohen Milstein Hausfeld & Toll, P.L.L.C. ("Cohen Milstein"), should be selected, states:

> In addition, the law firms which represent institutional movants are both fairly small.  According to their websites, the Cauley Bowman firm has only eleven lawyers and Stull, Stull & Brody has only fifteen.  Appointing Smith's Counsel, Cohen Milstein, as co-lead counsel would be a substantial benefit to the Class and would not increase the legal fees the Class will incur, which would ultimately be approved by the Court.  Cohen Milstein is one of the largest plaintiffs' firms in the country with the personnel, financial resources, and legal experience required to litigate this case.

*See* Memorandum of Law in Further Support of the Motion of Kenneth A. Smith To Be Appointed Lead Plaintiff and Its Oppositions to the Competing Motions of Paul and Regina Miller, Castle Strategic Trading, LLC and  the New Mexico Funds" ("Smith Opposition") at footnote 5.  Movant Smith's lawyer has thus suggested they are more adequate counsel than either Stull, Stull, & Brody ("SSB") or Cauley Bowman Carney & Williams ("Cauley Bowman") essentially because of its supposed size and should be appointed lead counsel. However, in fact, in cases involving class action securities litigation, as the instant case, Stull,

1

Stull & Brody ("SSB") has recovered far more for investors than has Cohen Milstein. Certainly this is at least one, if not the most important, yardstick by which to measure the effectiveness of a firm. For instance, for the year 2003, according to data compiled by Securities Class Action Services ("SCAS") in ranking the top fifty law firms in this field (*See* Exhibit A attached to the Declaration of Howard T. Longman "Longman Decl"), SSB was ranked number 11, recovering $199,651,000 for investors, while Cohen Milstein was ranked number 47, recovering only $11,193,000. In 2004 SSB recovered $536,237,000 for investors and was ranked 7th, while Cohen Milstein was ranked 41st with total settlements of $3,500,000. In 2005, Cohen Milstein was ranked 30th with $30,625,000 and SSB was 41st with $15,250,000, but in 2006 SSB was ranked 16th with $106,692,922 while Cohen Milstein was ranked 21st with $80,750,000 in settlements.

The SCAS ranking provides broad terms of measuring a law firm's ability to make a larger recovery. The fact that from 2003 to 2006 SSB recovered $857,830,922 as compared to $126,068,000 recovered by the Cohen Milstein firm provides this Court with ample empirical data demonstrating Cohen Milstein's claim is meaningless and should be accorded no credibility. If, in fact, the Cohen Millstein firm *is* larger as they claim, the SCAS data demonstrates that firm's inefficiency in comparison to SSB in achieving meaningful results. SSB has demonstrated that it has the "personnel, financial resources, and legal experience required to litigate" securities class action cases by obtaining superior results on behalf of investors year after year.

The Cohen Milstein firm also claimed that because of their alleged size they were also superior to another contestant for lead counsel, Cauley Bowman Carney & Williams ("Cauley Bowman"). During this period, according to the SCAS, Cauley Bowman (or its predecessor

2

firm(s)), recovered $291,470,000 plus whatever they recovered for the year 2006, since they were not listed among the top fifty firms in that year.[1]

## CONCLUSION

In sum, Cohen Milstein's attempts to disparage SSB should be disregarded by this Court. After New Mexico, Castle has the largest losses of any investor applying for lead plaintiff.[2] Furthermore, should this Court find that New Mexico is not suitable to be appointed lead plaintiff, Castle should be appointed and Castle's choice of counsel, Stull, Stull, & Brody and Kantrowitz Goldhamer & Graifman, PC, should be appointed lead counsel.

Dated: August 16, 2007

By:   _s/ Howard T. Longman___
Howard T. Longman (HL-2489)
Jason D'Agnenica (JD-9340)
STULL, STULL & BRODY
6 East 45th Street
New York, NY 10017
Tel:  (212) 687-7230
Fax: (212)490-2022

---

[1] The number fifty firm for 2006, Johnson & Perkinson, recovered $8,500,000 for investors, therefore the Cauley Bowman firm's recoveries for 2006 would presumably be less than that figure.

[2] On August 6, 2007, the Sterling Investor Group withdrew its motion for appointment as lead plaintiff (Docket Entry No. 28) and District 9, I.A of M.& A. W. Pension Trust and the San Antonio and St Louis Funds withdrew their motion for appointment as lead plaintiff on August 7, 2007 (Docket Entry Nos. 29 and 30).

3

Gary S. Graifman (GSG-2276)
Michael L. Braunstein (MLB-5973)
KANTROWITZ, GOLDHAMER &
GRAIFMAN
747 Chestnut Ridge Road
Chestnut Ridge, NY 10977
Tel:  (845) 356-2570
Fax:  (845) 356-4335

**Attorneys for Proposed Lead Plaintiff**
**Castle Strategic Trading, LLC**

4

**CERTIFICATE OF SERVICE**

      I hereby certify that on August 16, 2007, the foregoing document was filed with the Clerk of the Court and served upon all parties of record via ECF in accordance with the Federal Rules of Civil Procedure, the Southern District's Local Rules, and the Southern District's Rules on Electronic Service:

Dated: August 16, 2007

                                                  s/ Howard T. Longman
                                                  Howard T. Longman (HL-2489)
                                                  Stull, Stull & Brody
                                                  6 East 45th Street
                                                  New York, New York 10017